UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FIRST FINANCE, INC., et al., <br><br> Defendants. | Case No. 18-cv-06743-SK <br><br> **ORDER REQUIRING FURTHER RESPONSE** <br><br> Regarding Docket No. 88 |

On March 6, 2020, Defendants filed an administrative motion to withdraw their motion to compel, but only as to Maria Andrade. The Court required Defendants to file a response to clarify whether Defendants concedes that Plaintiff Maria Andrade did not consent to an agreement with an arbitration provision and whether Defendants still contend that Shaun Caulkins signed and consented to the agreements which contain the arbitration provisions.

Defendants responded that while they do not concede that Andrade did not consent to an agreement with an arbitration provision, Defendants have decided not to pursue its right to arbitrate Andrade's *individual claims*. Plaintiffs are concerned that Defendants still intend to assert the class action waiver in the arbitration agreement against Andrade. The disputed arbitration agreement includes the following provision:

> 5. NO CLASS ACTIONS OR SIMILAR PROCEDINGS: SPECIAL FEACHERS OF ARBITRATION. IF YOU OR WE ELECT TO ARBITRATION A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (A) HAVE A COURT OR A JURY DECIDE THE CLAIM; (B) OBTAIN INFORMATION PRIOR TO THE HEARING TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (C) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT . . . .

(Dkt. No. 36-1, Ex. B.) According to the plain language of this agreement, the class action waiver

only applies *if* either party elects arbitration, which neither party is doing with respect to Andrade's claims. Therefore, it is not clear how Defendants could assert the class action waiver provision against Andrade in light of their position with respect to arbitration. Nevertheless, if Defendants still maintain that Andrade is limited in her ability to assert claims on behalf of a class based on the above portion of the arbitration provision, Andrade is entitled to litigate the consent issue in the upcoming bench trial. In fact, if Defendants intend to assert *any* portion of the arbitration provision against Andrade, then the Court will not grant Defendants' administrative motion to withdraw their motion to compel arbitration as to Andrade. Defendants shall file a response to clarify their position by no later than March 16, 2020.

Regardless of whether the Court grants Defendants' administrative motion as to Andrade, the upcoming pretrial conference and trial will proceed as to Caulkins. The Court will conduct the pretrial conference on April 3, 2020 at 1:30 PM by telephone. Counsel shall contact CourtCall at 888-882-6878 to arrange their appearances.

**IT IS SO ORDERED**.

Dated: March 13, 2020

_____
SALLIE KIM
United States Magistrate Judge