UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FIRST FINANCE, INC., et al.,<br><br>Defendants. | Case No. 18-cv-06743-SK<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND AND TO DISMISS COUNTERCLAIM**<br><br>Regarding Docket Nos. 124, 125 |

Now before the Court are Maria Andrade's motions for leave to amend her complaint and to dismiss the newly filed counterclaim by Defendants American First Finance, Incorporated ("AFF") and Ahmad Fayez Al Rawashdeh. The Court finds these motions suitable for disposition without oral argument and thus VACATES the hearing scheduled for July 27, 2020. *See* N.D. Civ. L.R. 7-1(b).

After the arbitration issue was resolved, the Court set a case management conference and informed the parties that they should be prepared to schedule deadlines up to and including trial. (Dkt. No. 113.) The parties filed a joint case management statement on April 27, 2020 in which Andrade stated that she had no plans to amend her Complaint at that time and stated that she disagreed with Defendants' position that she was required to amend her complaint to omit the allegations related to Plaintiff Shaun Calkins. (Dkt. No. 114 at p. 7.) Defendants stated their intent to amend their answers and requested fourteen days to do so. Defendants did not mention any intention to allege additional affirmative defenses or to add a counterclaim. (*Id.*)

On May 5, 2020, after the case management conference, the Court set all remaining deadlines for the case from the close of discovery through trial. (Dkt. No. 117.) On May 8, Defendants AFF and Rawashdeh (collectively, "Defendants") filed an amended answer which included a number of new affirmative defenses and a counterclaim against Andrade for breach of

1  contract. (Dkt. No. 118.) Defendants allege, in support of their counterclaim, the following four
2  allegations:

> 1. Andrade entered into a Security Agreement (the "Security Agreement"), which was assigned to AFF and which AFF has the right to enforce, to finance the purchase of certain furniture identified in the invoice.
>
> 2. AFF and all others with current or former interests have performed all of their obligations under the Security Agreement.
>
> 3. Andrade has defaulted under the terms of the Security Agreement by, among other things, failing to make payments when due. As such, Andrade has materially breached her Security Agreement with AFF.
>
> 4. AFF has been damaged by Andrade's default under the Security Agreement as Andrade currently owes monies under the Security Agreement in an amount in excess of $500, plus interest, late charges, fees, and costs.

(*Id.*)

Andrade moves to dismiss this counterclaim as too vague. A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

While Defendants could have stated their counterclaim with more clarity, given Andrade's allegations regarding the Security Agreement, it is clear that Andrade is aware of the agreement to which Defendants refer. Therefore, the Court DENIES Andrade's motion to dismiss.

Andrade also moves for leave to amend her complaint. Rule 15 of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires." *See* Fed. R.

Civ. P. 15(a); *see also, e.g., Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is being sought by the plaintiff in bad faith or with a dilatory motive. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). Defendants argue that Andrade should not be given leave to amend because the case deadlines have already been set. However, the Court notes that after the deadlines were set, Defendants amended their answer to allege additional affirmative defenses and to add a new counterclaim, none of which Defendants discussed before the deadlines were set. Therefore, in the interests of fairness, the Court GRANTS Andrande's motion for leave to amend and will amend the schedule for both parties to address the new allegations. Andrade must file her amended complaint by July 17, 2020. Defendants may respond by August 7, 2020.

Therefore, the Court FURTHER ORDERS that the case management conference scheduled for July 20, 2020 is continued to August 17, 2020. The parties shall meet and confer by video conference to discuss a new case schedule in light of the amended complaint and amended answer. The Court encourages the parties to communicate with each other and only raise disputed issues with the Court on which the parties truly disagree. For example, in the joint case management statement filed on April 27, 2020, the parties provided two descriptions of the facts of the case, one from Andrade and one from Defendants. But the parties repeated the essentially the same facts:

> Plaintiff: Plaintiff Maria Andrade and the proposed class purchased furniture from retailer stores. Each consumer's purchase was financed by Defendant American First Finance, Inc. . . .
>
> Defendants: Plaintiff Maria Andrade and the proposed class allege they purchased furniture from retailer stores. Plaintiff alleges that each consumer's purchase was financed by Defendant American First Finance, Inc.

///

///

///

3

(Dkt. No. 114.)  The parties shall file their further joint case management conference by no later than August 10, 2020.

**IT IS SO ORDERED**.

Dated: July 13, 2020

_____
SALLIE KIM
United States Magistrate Judge