UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN FIRST FINANCE, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-06743-SK<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND**<br><br>Regarding Docket No. 215 |

This matter comes before the Court upon consideration of the motion for leave to amend her complaint filed by Plaintiff Maria Andrade ("Plaintiff"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, and having had the benefit of oral argument, the Court hereby DENIES Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

Plaintiff seeks leave to amend to add another named Plaintiff and purported class representative, Larry Facio. Plaintiff states that Mr. Facio purchased wheels and tires from Roseville Wheels & Tires LLC ("Roseville Tires") on September 28, 2017, that he was not informed that Defendant American First Finance Inc. ("AFF") would provide financing for the purchase, and that AFF then "debited twice monthly payments from" Facio's bank account after Facio was essentially tricked into signing a document on a small electronic pad. (Dkt. No. 215-2 (Proposed Third Amended Compl.), ¶ 59.) Facio also alleges that he did not sign an agreement with AFF. (*Id.*, ¶ 60.) AFF opposes Plaintiff's motion on the grounds that Plaintiff unduly delayed in bringing this motion and that AFF would be prejudiced by the addition at this late date of a new named Plaintiff and purported class representative.

/ / /

/ / /

# ANALYSIS

**A.  Applicable Legal Standards.**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of right, any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

The Court considers four factors to determine whether leave to amend should be granted: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialisyst West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Court is not required to give each factor equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Although "[u]ndue delay is a valid reason for denying leave to amend[,] . . . [s]ome courts have stressed prejudice to the opposing party as the key factor." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (internal citations omitted).

**B.  Plaintiff's Motion.**

Plaintiff first filed this action on November 7, 2018, almost three years ago. Fact discovery closed on September 24, 2021, before the Court even held the scheduled hearing on Plaintiff's motion. The Court finds that Plaintiff unduly delayed in bringing this motion. Plaintiff argues that she moved quickly by filing this motion three weeks after Plaintiff discovered Mr. Facio's identity. (Dkt. No. 215-3 (Declaration of Alicia L. Hinton), ¶ 2.) However, Plaintiff propounded discovery requests in 2019 regarding AFF's customer complaints. AFF objected to the discovery requests on September 19, 2019, and Plaintiff did not move to compel until two years later. (*See* Dkt. No. 219.) Had Plaintiff been more diligent, Plaintiff would have been able to discover other potential class representatives much sooner. Therefore, the Court finds that Plaintiff unduly delayed in prosecuting this case and caused her own delay in discovering Mr. Facio's identity.

1    Moreover, in light of the fact that fact discovery has now closed, AFF would be unfairly
2    prejudiced by not being able to conduct any fact discovery regarding Mr. Facio and his experience
3    in purchasing and financing wheels and tires from Roseville Tires – a different product from a
4    different store than Plaintiff made.  AFF further argues that Plaintiff's requested amendment
5    would be futile because Mr. Facio is subject to an arbitration provision.  (Dkt. No. 219.)  While
6    the Court cannot evaluate on this limited record whether Mr. Facio would be bound by the
7    arbitration provision, this is just one more area of potential discovery, and AFF would be
8    prejudiced by being precluded from conducted needed discovery.

9    Plaintiff argues that the Court can simply re-open discovery to allow AFF to take limited
10   discovery about Facio.  The Court rejects this approach, as it is not clear how much discovery is
11   necessary to determine whether an arbitration provision binds Facio to binding arbitration.  At the
12   start of this case, there was significant time spent on the issue of arbitration for the then-named
13   Plaintiffs, and the Court even noted that there was a factual dispute about whether the then-named
14   Plaintiffs had signed and consented to the arbitration provisions and allowed discovery on this
15   issue.  (Dkt. Nos. 36, 37, 40, 43, 44, 48, 51, 57, 99.)  The initial motion was filed on February 28,
16   2019, and the Order granted the motion to withdraw the motion to compel arbitration on March
17   27, 2020.  (Dkt. Nos. 36, 99.)  This issue thus consumed significant time.  If AFF moves to
18   compel Facio to arbitration, AFF will also seek discovery about whether he signed the arbitration
19   provision, and this process will also consume significant time.

20   Additionally, extending the deadlines for discovery would also require the Court to extend
21   all of the other remaining deadlines and dates scheduled in this case, including the trial date.
22   Given that this case has been pending almost four years, the Court finds that delaying further and
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

3

extending the remainder of the schedule is not warranted.  Therefore, the Court DENIES Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to amend.

**IT IS SO ORDERED**.

Dated: October 12, 2021

_____
SALLIE KIM
United States Magistrate Judge