UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN FIRST FINANCE, INC., et al.,<br><br>        Defendants. | Case No. 18-cv-06743-SK<br><br>**ORDER REGARDING MOTIONS ON CLASS CERTIFICATION**<br><br>Regarding Docket Nos. 267, 268, 269, 279, |

       This matter comes before the Court upon consideration of the motion for class certification filed by Plaintiff Maria Andrade ("Andrade") and the motion to deny class certification filed by Defendant American First Finance, Inc. ("AFF"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES Andrade's motion and GRANTS AFF's motion for the reasons set forth below.

       The Court GRANTS IN PART, DENIES IN PART, and RESERVES RULING IN PART on Andrade's motion to seal portions of her motion for class certification and her supporting exhibits. (Dkt. No. 269.) The Court GRANTS the motion to seal as limited by AFF in its response to Andrade's motion with respect to Exhibits 1, 2, 3, 8, 9, 14, 16, 17, 19, 20, 21, 22, 23, 25, and 27. (Dkt. No. 274.) The Court DENIES AFF's requested redactions to Exhibit 6 as those portions have already been publicly filed. The Court also DENIES Andrade's motion with respect to Exhibits 7 and 15 as AFF clarified that it is not seeking to seal those documents. (Dkt. No. 274.) The Court RESERVES RULING with respect to the requested redactions to Andrade's motion. While AFF clearly expended energy to cull through and redact only certain portions of the exhibits, AFF did not request to limit any of Andrade's requested redactions to her motion for class certification. Some of her requested redactions reference documents or portions of

documents which are not being sealed pursuant to AFF's response to Andrade's motion. Other portions of her requested redactions seek to redact more than is necessary to protect AFF's confidential information. The Court will provide AFF with an additional opportunity to clarify which portions of Andrade's motion it genuinely seeks to file under seal. AFF shall file its further response by no later than August 21, 2022.

The Court GRANTS Andrade's motion to seal portions of Exhibit 1 attached to the Declaration of Robert S. Green in support of the opposition to AFF's motion as modified by the parties' stipulation. (Dkt. Nos. 279, 283.) By no later than August 21, 2022, Andrade shall file a revised declaration in support of her opposition redacting only the portions redacted in the parties' stipulation.

## BACKGROUND

AFF provides "purchase money loans for the sale of consumer goods through retailers with whom AFF has a preexisting relationship." (Dkt. No. 162 (Second Amended Compl.) ¶ 26.) AFF interacts with customers, such as Andrade, through retailers. (*Id*., ¶ 31.) AFF provides its marketing materials, credit application and security agreement forms (the "Security Agreement"), and a hyperlink to AFF's pre-approval process to the retailers. (*Id*., ¶ 38.) Andrade alleges that AFF's role is not disclosed to consumers and that the retailer then purports to assign to AFF the Security Agreements that individual customers sign. (*Id*., ¶ 43.)

On December 9, 2015, Andrade purchased several pieces of furniture from Elegant Furniture in Fresno California. (*Id*., ¶¶ 22, 23.) Andrade alleges that she signed a purchase order, but she was not informed that her sale was being financed with AFF. (*Id*., ¶ 40.) Andrade had no interaction with AFF and only interacted with the retailer, Elegant Furniture. A salesman with Elegant Furniture told Andrade that the payments for the furniture would be about $100 every month and "that if she paid for the furniture in full within 90 days of purchase there would be no interest." (*Id*., ¶ 40.) Andrade also alleges that another person at Elegant Furniture asked her to "confirm her debit account number for payment deductions" and that he gave her "a computer mouse and asked her to click the mouse to verify the account number." (*Id*., ¶ 40.) Andrade did not see the face of the computer and believed that she was "only authorizing an automatic

payment." (*Id.*, ¶ 40.) Andrade further alleges that, without her knowledge, AFF "electronically prepared" an eight-page Security Agreement that she never saw or received and that it contained an annual percentage rate of 120%. (*Id.*, ¶¶ 23, 31, 35, 40.) Andrade attached to her Second Amended Complaint a copy of the Security Agreement with her electronic signature. (*Id.*, Ex. B.)

Andrade brings claims against AFF based on the terms of the financing with AFF, and she alleges, *inter alia*, that the interest rates AFF charged to her and to the putative class members were unconscionable. (*Id*, ¶¶ 34, 68.)

Andrade seeks to represent a class defined as "[a]ll California residents who purchased consumer goods from AFF affiliated businesses and who AFF claims are or were bound to the terms of it's [*sic*] Security Agreement . . ." from November 7, 2014, to the present. (*Id.*, ¶¶ 56-57.) The proposed class is comprised of approximately 180,000 people – those individuals who have loans with AFF up through September 29, 2021. (Dkt. No. 268-5 (Declaration of Robert S. Green), ¶ 28, Ex. 27) *see also* Dkt. No. 268 (Andrade's Mot.) at p. 1 (estimating AFF generated over 180,000 loans to California consumers).)

The Security Agreement with Andrade's name contains the following provisions:

> **AGREEMENTS FOR RESOLVING DISPUTES; CERTAIN DEFINITIONS**
>
> The Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver set forth below govern "Claims" you assert against us or any "related party" of ours and "Claims" we or any related party assert against you.
>
> . . .
>
> **ARBITRATION PROVISION**
>
> . . .
>
> Unless prohibited by applicable law and unless you reject the Arbitration Provision in accordance with Section 1 below, you and we agree that either party may elect to require arbitration of any Claim under the following terms and conditions:
>
> **1. RIGHT TO REJECT ARBITRATION.** If you do not want this Arbitration Provision to apply, you may reject it within 30 days after the date of this Agreement by delivering to us at American First Finance . . . .

**2. ARBITRATION ELECTION.** A Proceeding may be commenced after the Complaining Party complies with the Pre-Dispute Resolution Procedure. The Complaining Party may commence the Proceeding either as a lawsuit or arbitration by following the appropriate filing procedures for the court or the arbitration administrator selected by the Complaining Party in accordance with this Section 2. If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of some or all of the Claims asserted in the lawsuit. . . . Also, if the Complaining Party initially asserts a Claim in a lawsuit on an individual basis but then seeks to assert the Claim on a class, representative or multi-party basis, the Defending Party may make such a demand. . . . Notwithstanding any language in this Arbitration Provision to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any arbitration administrator that has in place a formal or informal policy that is inconsistent with the Class Action and Multi-Party Claim Waiver. . . .

. . .

**5. NO CLASS ACTIONS OR SIMILAR PROCEEDINGS; SPECIAL FEATURES OF ARBITRATION.** IF YOU OR WE ELECT TO ARBITRATE A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (A) HAVE A COURT OR JURY DECIDE THE CLAIM; (B) OBTAIN INFORMATION PRIOR TO THE HEARING TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (C) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT; (D) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (E) JOIN OR CONSOLIDATE CLAIM(S) INVOLVING YOU WITH CLAIMS INVOLVING ANY OTHER PERSON. . . .

(Dkt. No. 162, Ex. B)

AFF submits evidence that the Security Agreements during the proposed class period contained arbitration provisions and that all were signed. (Dkt. No. 267-1 (Declaration of Reggie Britt), ¶¶ 4-5, Ex. A; Dkt. No. 267-2 (Declaration of Tomio B. Narita), ¶ 8, Ex. G (Deposition of Reggie Britt) at 81:08-10.) The Security Agreements in question contain an "opt out" provision which allows consumers to reject the arbitration provision by providing written notice within 30 days to AFF (Dkt. No. 162, Ex. B), but AFF is not aware of any putative class member who opted out of the arbitration provision. (Dkt. No. 267-1, ¶¶ 6-7.)

In another action brought by Andrade's counsel on behalf of a different plaintiff, the Court granted AFF's motion to compel arbitration under the Security Agreement. *See Facio v. American First Finance, Inc.*, Case No. 21-cv-08184-SK (N.D. Cal.) (Dkt. No. 44.) The Court

4

1  determined that AFF satisfied its burden to demonstrate that the merchant effectively assigned the

2  Security Agreement with the arbitration provision to AFF and, thus, that AFF had standing to

3  enforce the arbitration provision. (*Id.*) Additionally, the Court found that the plaintiff failed to

4  show that the arbitration provision was unconscionable. (*Id.*)

## ANALYSIS

**A.     Legal Standard Applicable to Motions for Class Certification.**

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. For certification of the proposed class, Andrade bears the burden of showing that she meets each of the four requirements of Rule 23(a) and at least one subsection of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001); *see also Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 352 (2011) ("A party seeking class certification must affirmatively demonstrate . . . compliance with the Rule."). Rule 23(a) provides that a district court may certify a class only if:

> "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a). If all four prerequisites of Rule 23(a) are satisfied, Andrade must also "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Relevant here is Rule 23(b)(3), which permits certification if a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Court may certify a class only if the Court "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart*, 564 U.S. at 350-51 (citation omitted). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Id*. at 351. This "rigorous" analysis applies to both Rule 23(a) and Rule 23(b). *See Comcast*, 569 U.S. 27, 34 ("The same analytical principles govern Rule 23(b). If

1   anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a).")

2   **B.     The Parties' Motions on Class Certification.**

3   In assessing typicality under Rule 23(a)(3), courts consider "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *see also Wal-Mart,* 564 U.S. at 348-49 ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members") (internal quotation marks and citation omitted). The typicality and commonality requirements "tend to merge" because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart*, 564 U.S. 338, 350 n. 5.

The typicality requirement is a permissive standard. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. 338. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* at 1020.  Class certification should not be granted, however, if there is a danger that defenses unique to the putative class representative will become a focus of the litigation. *Hanon,* 976 F.3d at 508.

The putative class Andrade seeks to represent contains approximately 180,000 members. AFF contends that all of those persons, except for Andrade, are subject to an arbitration provision requiring that their claims to be arbitrated. Earlier in this action, AFF moved to compel Andrade to arbitrate her claims. (Dkt. No. 36.) In response, Andrade argued that she did not actually sign and consent to the Security Agreement which contains the arbitration provision. (Dkt. No. 43.) The Court determined that there was a genuine issue of fact regarding Andrade's consent and that a jury trial was required to resolve that issue. (Dkt. No. 57.) AFF decided to waive its right to enforce the arbitration provision in the Security Agreement with respect to Andrade and withdrew its motion to compel arbitration. (Dkt. Nos. 98, 99.) However, AFF made clear that it did not

6

1   waive its right to the enforce arbitration provisions applicable to the remainder of the purported

2   class. (Dkt. No. 99.) Therefore, whether the claims must be arbitrated is an issue for the

3   remainder of the putative class members.

4       District courts in this Circuit have held that plaintiffs who were not subject to an arbitration

5   agreement could not represent a class of persons who were. *Conde v. Open Door Mktg., LLC*, 223

6   F. Supp. 3d 949, 63 (N.D. Cal. 2017) (finding plaintiffs who did not sign arbitration agreement did

7   not satisfy typicality prerequisite for class that included individuals who did sign arbitration

8   agreement); *Valencia v. VF Outdoor, LLC*, 2021 WL 5154161, *6 (E.D. Cal. Nov. 5, 2021)

9   (concluding plaintiff lacked typicality and adequacy with respect to putative class members who

10  signed arbitration agreements); *Heredia v. Sunrise Senior Living LLC*, 2021 WL 811856, at *3-4

11  (C.D. Cal. Feb. 9, 2021) (named plaintiffs who did not agree to arbitrate their claims lacked

12  adequacy and typicality to represent class members who signed arbitration agreements);

13  *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, 2018 WL 6727825, at *7-8 (N.D.

14  Cal. Dec. 21, 2018) (finding "Ninth Circuit has foreclosed the viability" of a named plaintiff who

15  was not subject to an arbitration agreement representing a class with persons who were subject to

16  arbitration agreements) (citing *Avilez v. Pinkerton Gov't. Servs., Inc.*, 596 Fed. Appx. 579 (9th Cir.

17  2015)); *Tan v. Grubhub, Inc.*, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016) (noting "[o]ther

18  courts have similarly found typicality and adequacy of representation to be lacking where the lead

19  plaintiff was not subject to the same arbitration provisions as unnamed plaintiffs.") (collecting

20  cases).[1] The Court finds these cases persuasive and that Andrade, too, does not satisfy the

21  typicality and adequacy requirements for the same reasons.

22      Andrade suggests that the Court could narrow the class definition to those who, like

23  Andrade, are not subject to the Security Agreement because they did not sign it. Andrade points

---

[1] Andrade cites *Garcia v. Cent. Coast Rests., Inc.*, 2022 WL 657972, at *4-5 (N.D. Cal. Mar. 4, 2022), for the opposite proposition. In *Garcia*, the named plaintiff assented to the arbitration agreement but successfully challenged it and disaffirmed the agreement on the grounds that she was a minor. 2022 WL 657972, at *4. The *Garcia* court, in distinguishing the situation from *Andrews v. Ring*, 2020 WL 6253319 (C.D. Cal. Sept. 17, 2020), found that a person who assented to an arbitration agreement and challenged it was different from a person who never assented to it. Therefore, *Garcia* does not assist Andrade, who contends that she never consented to the Security Agreement with the arbitration provision.

7

1  to complaints made by other putative class members, either to the Better Business Bureau or to
2  AFF, regarding their failure to sign the Security Agreement (that contains the arbitration
3  provision).  (Dkt. No. 267-2, Ex. 3 to Ex. F (Demand for Arbitration Andrade's counsel filed
4  against AFF on behalf of Juana Almontes; Dkt. No. 279-2 (Declaration of Robert S. Green), Ex. 1
5  (excerpts of AFF's customer complaint log)).  However, determining whether any other persons
6  did not actually sign or consent to the Security Agreement would require a trial for every
7  individual.  (Dkt. No. 57 ("When one party disputes 'the making of the arbitration agreement,' the
8  Federal Arbitration Act requires that 'the court [ ] proceed summarily to the trial thereof' before
9  compelling arbitration under the agreement." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962
10 (9th Cir. 2007) (quoting 9 U.S.C. § 4.)).  Even if a large number of putative class members were to
11 contest their consent to the arbitration provision in the Security Agreement, separate mini-trials
12 would be required to determine whether each individual were allowed to proceed in the litigation.

13     The factual disputes regarding consent and signature would require evidence from each
14 individual putative class member, as well as from each individual retailer – not AFF – from whom
15 the putative class member made a purchase.  As noted above, AFF did not interact directly with
16 the consumers in the putative class when the consumers signed the Security Agreement or when
17 the retailer, as Andrade alleges, signed for the consumers.  At the hearing on this matter, AFF
18 contended that there are hundreds of such retailers and that some consumers signed their Security
19 Agreements by signing in ink on a printed paper form rather than applying an electronic signature.
20 The factual issues surrounding the individual consumers' signing of the Security Agreements is
21 different for each consumer and involves a different process and different set of people.
22 Therefore, it would not be practical or superior to address such issues through a class action.  *See*,
23 *e.g.*, *Pryor v. Aerotek Sci., LLC*, 278 F.R.D. 516, 536 (C.D. Cal. 2011) (individual questions
24 predominate over common ones where mini-trials would be required); *Picus v. Wal-Mart Stores,*
25 *Inc.*, 256 F.R.D. 651, 660 (D. Nev. 2009) (finding class action therefore was not superior method
26 of adjudication where court would be forced to conduct mini-trials for each class member).

27     At the hearing, Andrade suggested that the Court could determine liability on a class-wide
28 basis and then, after that determination, decide on an individual basis whether each putative

8

1    member actually signed and consented to the Security Agreement with the arbitration provision.
2    Andrade argues that such a determination would be similar to a situation in which a court certifies
3    a class for liability and determines damages on an individual basis.  However, unlike damages,
4    arbitration and waiver of the right to class action are threshold determinations that must be made
5    *before* the Court can determine whether an individual is part of a putative class and whether this
6    matter may proceed as a class action.
7        Andrade next argues that the arbitration provision is unconscionable and that AFF lacks
8    authority to enforce the arbitration provisions based on failure to have the Security Agreements
9    properly assigned to it.  As noted above, the Court already rejected that argument in another case
10   arising out of the same Security Agreement.  *See Facio v. American First Finance, Inc.*, Case No.
11   21-cv-08184-SK (N.D. Cal.) (Dkt. No. 44.)  Other courts have held that an individual who is not
12   subject to an arbitration agreement does not have standing to challenge the enforceability of the
13   arbitration agreement.  *Valencia*, 2021 WL 5154161, at *5 (noting district courts that have
14   considered this issue have uniformly held that a named plaintiff who is not subject to an
15   arbitration agreement or class action waiver lacks standing to challenge its applicability or
16   enforceability) (citing cases); *Heredia*, 2021 WL 811856, at *4 n. 4 (C.D. Cal. Feb. 9, 2021)
17   (finding plaintiff who did not sign arbitration agreements lacked standing to challenge their
18   enforceability); *Tan*, 2016 WL 4721439, at *6; *but see Garcia v. Cent. Coast Rests., Inc*., 2022
19   WL 657972, at *4-5 (N.D. Cal. Mar. 4, 2022) (plaintiff who successfully challenged an arbitration
20   agreement based on her status as a minor may represent class of people bound by arbitration
21   agreements and make unconscionability arguments on their behalf).  The Court concurs with the
22   overwhelming majority of cases finding that a plaintiff who is not subject to an arbitration
23   provision lacks the standing to challenge its conscionability.
24       Accordingly, the Court finds that Andrade cannot satisfy the requirements of typicality and
25   adequacy to represent a class of persons who are subject to the arbitration provision in the Security
26   Agreement.  Moreover, to the extent there are sufficient numbers of individuals who would
27   challenge whether they consented to the arbitration provision in the Security Agreement, it would
28   not be practical or superior to address such contentions through a class action.  Therefore, the

Court denies Andrade's motion and grants AFF's motion regarding class certification.

## CONCLUSION

For the foregoing reasons, the Court DENIES Andrade's motion for class certification and GRANTS AFF's motion to deny class certification.

**IT IS SO ORDERED**.

Dated: August 16, 2022

_____
SALLIE KIM
United States Magistrate Judge