1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     MARIA ANDRADE,                          Case No. 18-cv-06743-SK

8                    Plaintiff,

9           v.                                **ORDER ON MOTION FOR ORDER TO
                                              SHOW CAUSE**
10    AMERICAN FIRST FINANCE, INC., et al.,

11                   Defendants.              Regarding Docket No. 289

United States District Court
Northern District of California

12          This matter comes before the Court upon consideration of the motion for an order to show

13    cause why sanctions should not be imposed filed by Defendant American First Finance, Inc.

14    ("AFF").  Having carefully considered the parties' papers, relevant legal authority, and the record

15    in the case, and having had the benefit of oral argument, the Court hereby grants AFF's motion for

16    an order to show cause why sanctions should not be issued.

17          Federal Rule of Civil Procedure 37(b)(2)(A) provides that, when any party "fails to obey

18    an order . . . including an order under Rule 26(f)," "the court where the action is pending may

19    issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).  The rule "grants courts the authority to

20    impose sanctions where a party has violated a discovery order, including a protective order issued

21    pursuant to Rule 26(f)." *Life Tech. Corp. v. Biosearch Tech., Inc.*, 2012 WL 1600393, at *8 (N.D.

22    Cal. May 7, 2012).  The violation need not be willful, unless the sanction is dismissal. *Lew v.*

23    *Kona Hosp.*, 754 F.2d 1420, 1426-27 (9th Cir. 1985).  Whether to impose sanctions is "left to the

24    sound discretion of the trial judge." *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir.

25    1976); *see also Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir.

26    1981).

27          Here, AFF alleges that counsel for Plaintiff Maria Andrade ("Plaintiff") violated the

28    Protective Order in this case in sending two emails to the purported class members.   The

United States District Court
Northern District of California

1    Protective Order prohibits the using materials designated as "confidential" for anything other than

2    prosecuting, defending, or attempting to settle this litigation and restricts disclosing the

3    confidential material to authorized categories of people – parties' counsel, the parties' officers,

4    directors and employees, experts, court personal, and the author or recipient of a document

5    containing the information.  (Dkt. No. 67, ¶¶ 7.1, 7.2.)

6         The discovery deadlines were September 24, 2021 for fact discovery and March 18, 2022

7    for expert discovery.  (Dkt. Nos. 191, 245.)  On May 31, 2022, the parties filed cross-motions

8    regarding class certification:  AFF filed a motion to deny class certification (Dkt. No. 267), and

9    Plaintiff filed her motion for class certification.  (Dkt. No. 268.)  Plaintiff filed her opposition to

10   Defendant's motion to deny class certification on June 30, 2022.  (Dkt. No. 280.)

11        After filing her opposition to Defendant's motion to deny class certification, Plaintiff's

12   counsel sent two letters:  one on July 5, 2022 and another on July 20, 2022.  (Dkt. No. 289-1

13   (Declaration of Tomio B. Narita, Ex. F.)  The emails contained the purported class member's

14   name, phone number, AFF loan number, loan date, amount borrowed, amount paid to AFF,

15   interest paid, annual percentage rate, finance charge, amount financed, and total sale price.  (*Id.*)

16   The emails were individualized so that each purported class member received an email with the

17   information regarding her or his loan with AFF.  The first email informed the purported class

18   member of the lawsuit, briefly described the relief Plaintiff sought, and how the individual could

19   protect her or his interests by taking a survey.  The email provided a link to the survey on the class

20   action website.  (*Id.*)  However, the email also stated that the website "provides steps you might

21   take to protect yourself and to reduce the financial burden of AFF's high interest loans."  (*Id.*)  The

22   email directed the individual to visit the class action website "for more info and tools to help with

23   your AFF loan[,]" to call one of Plaintiff's attorneys, or to reply to the email to "to confirm that

24   your contact information is still current."  (*Id.*)

25        The second email also briefly described the lawsuit but also stated "you may get similar

26   loan relief by arbitrating your claims against AFF[]. An attorney can explain how to file an

27   arbitration claim."  (*Id.* (emphasis in original)).  The email then asked the individual to fill out the

28   survey and provided a link to the survey.  The email repeated the same steps to obtain more

1    information – visit the class action website, call Plaintiff's attorneys, or reply to the email to

2    confirm their contact information was still current.  (*Id*.)  The second email also attached a copy of

3    the individual's Security Agreement.  (*Id*.)

4          Screen shots of the class action website from July 19, 2022 show that it described the

5    lawsuit and invited the viewer to call for a free consultation for individuals with loans with AFF or

6    receive help with their AFF loan, including by speaking to Plaintiff's attorney, refinancing her or

7    his loan, getting "faster relief with arbitration[,]" or taking the survey.  (*Id*., Ex. G.)

8          Because Plaintiff's counsel sent out these emails after discovery had already closed and

9    after most of the briefing on class certification had already been filed, the only litigation purpose

10   for which the emails could have been sent would have been to collect data on the survey for

11   Plaintiff's reply brief.  Plaintiff filed her reply in support of her motion for class certification on

12   July 25, 2022.  (Dkt. No. 286.)  With that reply, Plaintiff submitted a Supplemental Declaration of

13   Robert Green, which discussed the results of the survey and attached part of the survey's results.

14   (Dkt. Nos. 286-1, 286-2.)  However, generally, a party is not entitled to submit new evidence with

15   their reply brief, especially when such evidence could have been collected and submitted earlier.

16   *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that

17   raising of new issues and submission of new facts in reply brief is improper.") (citing *Provenz v.*

18   *Miller,* 102 F.3d 1478, 1483 (9th Cir.1996)).  Therefore, because of the timing of the emails, it is

19   not clear how the emails were sent for a proper purpose.

20         In addition, the issue of whether individuals who contracted with AFF had signed an

21   arbitration agreement has been an issue in this case since at least March 14, 2019, when Plaintiff

22   argued in opposition to AFF's motion to compel arbitration that she had not signed the contract

23   with AFF that contained the arbitration agreement.  (Dkt. No. 43.)  This theme – that individuals

24   did not actually sign the contract with the arbitration provision – was a consistent one throughout

25   this case, which was filed almost four years ago.  At the hearing, Plaintiff could not explain why

26   she waited so long to contact potential class members about whether they signed the contracts with

27   the arbitration provision.

28         Additionally, the emails and the website to which the emails directed the individuals to

3

1    view provided information and "tools" beyond *this litigation*, including solicitations for

2    consultations with Plaintiff's counsel and assistance with arbitration against AFF.  (*Id*., Exs. F, G.)

3    The solicitations for consultations and assistance with arbitration against AFF were not a proper

4    use of the confidential information.

5    The Court also notes that, although the emails contained confidential information of the

6    individual to whom each email was intended to be sent, it did not appear as though the contact

7    information for the purported class had yet been confirmed.  The emails contained confidential

8    information of individuals: the loan amount, interest rate, and total amount of the sale for each

9    individual.  In other words, there was a possibility that Plaintiff's counsel sent an email containing

10   confidential information to an email address belonging to another person.  The Court finds

11   Plaintiff's counsel's conduct careless at best in sending emails containing confidential information

12   to email addresses that had not been confirmed.

13   Therefore, the Court finds that Plaintiff's counsel violated the Protective Order by using

14   confidential information to solicit clients in arbitration.  The only issue outstanding is the remedy.

15   While the Court is concerned with how Plaintiff's counsel may solicit new clients, the Court

16   cannot enjoin Plaintiff's counsel from representing other people.  Additionally, the Court

17   considered requiring Plaintiff's counsel to pay all of AFF's attorneys' fees and costs incurred in

18   defending actions, including arbitration proceedings, for the actions where counsel obtained

19   clients by violating the Protective Order, but such a remedy does not seem manageable.  However,

20   the Court will require Plaintiff's counsel to pay AFF's reasonable attorneys' fees incurred in

21   preparing and arguing this motion.  By no later than October 11, 2022, AFF shall demonstrate how

22   much it incurred in attorneys' fees and costs to bring this motion, as well as demonstrate that their

23   rates are reasonable.  Plaintiff may file a responsive brief by no later than October 18, 2022.

24   There will be no reply and no hearing.

25   Additionally, Plaintiff will be required to send a corrective notice to all recipients of the

26   two emails sent in July 2022.  The notice shall explain: (1) the existence of the protective order;

27   (2) the fact that the Court found that Plaintiff's counsel violated the protective order, which was

28   designed to protect their privacy; (3) the fact that the Court did not know about or approve the

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1   sending of the July 2022 emails; (4) the fact that the Court denied the motion for class certification

2   was denied; and (5) the fact that individuals are free to hire any lawyer they choose to pursue any

3   claim if they think that they have one.  This Order should be attached to the notice.  The parties

4   shall submit their proposals for the notice by no later than October 11, 2022.  The Court will then

5   provide the specific language for the notice and the date by which Plaintiff's counsel must send

6   the notice.

7        **IT IS SO ORDERED**.

8   Dated: September 29, 2022

9   

10       SALLIE KIM
         United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5