UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE,<br><br>            Plaintiff,<br><br>      v.<br><br>AMERICAN FIRST FINANCE, INC., et al.,<br><br>            Defendants. | Case No. 18-cv-06743-SK<br><br>**AMENDED ORDER REGARDING ATTORNEYS' FEES AND NOTICE** |

The Court granted Defendant's motion for order to show cause and found that Plaintiff's counsel violated the Protective Order issued in this case by using confidential information to solicit clients in arbitration. (Dkt. No. 310.) The Court Ordered that Plaintiff to pay Defendant's attorneys' fees incurred in bringing the motion and sought additional briefing on that issue. (*Id*.) After considering the additional submissions, the Court AWARDS Defendant the full amount of attorneys' fees it requested – $33,668.50.

"[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney involved." *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (internal quotation, citation and alteration omitted); *see also PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) (determining what constitutes reasonable attorneys' fees "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."). "The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group*, 22 Cal. 4th at 1095 (citations omitted). "[A]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent . . .* ." *Ketchum*, 24 Cal. 4th at 1133 (emphasis in original).

Upon review of Defendant's documentation, the Court finds that the rates are reasonable in

light of the prevailing rates in this District and the attorneys' experience. The Court further finds that the number of hours the attorneys expended were not unreasonable. In particular, the Court notes that Defendant voluntarily cut its own hours and did not request any compensation for the time expended by the law firm of Burr & Forman on the investigation of the emails and on the motion. Additionally, while the Court provided an opportunity to Plaintiff to contest the reasonableness of Defendant's rate or hours, Plaintiff did not. Therefore, the Court AWARDS Defendant the full amount of attorneys' fees it requested – $33,668.50.

The Court has attached the notice which should be sent out to Defendant's customers. Moreover, the Court ORDERS Plaintiff to hire a third-party administrator to send out the notice. However, the Court will not require Plaintiff to display a copy of the notice on the website.

**IT IS SO ORDERED**.

Dated: October 25, 2022

SALLIE KIM
United States Magistrate Judge