TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
SIMMONDS & NARITA LLP
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

BRYAN O. BALOGH
*Admitted Pro Hac Vice*
bbalogh@burr.com
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, AL 35203-5210
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

*Attorneys for American First Finance, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA ANDRADE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FIRST FINANCE, INC., *et al.*, <br><br> Defendants. | Case No. 3:18-cv-06743 <br><br> **DEFENDANT AMERICAN FIRST FINANCE, INC.'S PROPOSED VERDICT FORM AND STATEMENT IN SUPPORT** <br><br> Pretrial Conference: March 10, 2023 <br> Time: 1:30 P.M. <br> Location: Courtroom C, 15th Floor <br><br> HONORABLE SALLIE KIM <br><br> Complaint Filed: November 7, 2018 <br><br> Trial Date: April 11, 2023 |

**DEFENDANT AMERICAN FIRST FINANCE, INC.'S**

**PROPOSED VERDICT FORM**

We answer the questions submitted to us as follows:

1. Is Plaintiff a consumer who purchased goods or services as part of a transaction?

   _____ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Is Elegant Furniture a person that provided goods and services to Plaintiff as part of a transaction?

   _____ Yes  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Is American First Finance a person that provided goods and services to Plaintiff as part of a transaction?

   _____ Yes  _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**Civil Code § 1770(a)(2)**

4. Did Elegant Furniture misrepresent to Plaintiff in a transaction the source, sponsorship, approval, or certification of goods or services?

   _____ Yes  _____ No

Answer the next question.

**Civil Code § 1770(a)(3)**

5. Did Elegant Furniture mispresent to Plaintiff in a transaction the affiliation, connection, or association with, or certification by, another to Plaintiff?

   _____ Yes  _____ No

Answer the next question.

### Civil Code § 1770(a)(5)

6.  Did Elegant Furniture represent to Plaintiff in a transaction that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that Elegant Furniture has a sponsorship, approval, status, affiliation, or connection that Elegant Furniture does not have?

    _____ Yes    _____ No

Answer the next question.

### Civil Code § 1770(a)(14)

7.  Did Elegant Furniture represent to Plaintiff that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law?

    _____ Yes    _____ No

If you answered question 4, 5, 6, or 7 is yes, then answer question 8. If you answered no to questions 4, 5, 6, and 7, stop here, answer no further questions, and have the presiding juror sign and date this form.

### Civil Code § 1780

8.  If you answered "Yes" to any of the questions above, did Plaintiff suffer any damage as a result of any Elegant Furniture's conduct?

    _____ Yes    _____ No

If your answer to question 8 is yes, then answer question 9. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

### Civil Code § 1782

9.  Did Plaintiff notify Defendant, thirty days or more prior to commencing her lawsuit, send Defendant a notice in writing, by certified or registered mail, return receipt requested, to the place where the transaction occurred or to Defendant's principal place of business within California, notifying Defendant of its alleged violations and demanding that they be corrected?

    _____ Yes    _____ No

If your answer to question 9 is yes, then answer question 10.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

10.	What amount of damages, if any, will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant?

$_____.

**Answer the following questions <u>only</u> if all your answers to the questions above were "no."**

11.	Is Plaintiff a retail buyer who purchased goods under a retail installment contract?

_____ Yes    _____ No

If your answer to question 11 is yes, then answer question 12.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

12.	Is Elegant Furniture a person and retail seller in the business of selling goods or furnishing services to retail buyers?

_____ Yes    _____ No

If your answer to question 12 is yes, then answer question 13.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

13.	Is American First Finance a holder who acquired a retail installment contract entered into by a retail buyer?

_____ Yes    _____ No

If your answer to question 13 is yes, then answer question 14.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**Civil Code § 1803.2(a):  Single Document Rule**

14.	Did the retail installment contract at issue contain in a single document the entire agreement of Plaintiff and Defendant with respect to the cost and terms of payment for the good and services, including any promissory notes or any other evidences of indebtedness between the parties relating to the transaction?

_____ Yes    _____ No

Answer the next question.

### Civil Code § 1803.3:  Terms of Sale

15.    Did Elegant Furniture misrepresent the terms of sale on the retail installment contract?

_____ Yes   _____ No

Answer the next question.


### Civil Code § 1803.3(a):  Description of Goods

16.    Did Elegant Furniture fail to describe the goods or services sufficiently to identify them on the retail installment contract?

_____ Yes   _____ No

Answer the next question.


### Civil Code § 1803.7:  Delivery of Contract

17.    Did Elegant Furniture fail to deliver to Plaintiff a legible copy of the retail installment contract at the time she signed it?

_____ Yes   _____ No

If your answer to question 14, 15, 16, or 17 was yes, answer the following question.  If your answers to questions 14, 15, 16, and 17 were all no, stop here, answer no further questions, and have the presiding juror sign and date this form.


18.    Did American First Finance acquire the retail installment contract with knowledge that (a) the contract did not contain in a single document the entire agreement of Plaintiff and Elegant Furniture with respect to the cost and terms of payment for the good and services; (b) Elegant Furniture misrepresented the terms of sale on the contract; (c) Elegant Furniture failed to describe the goods or services sufficiently to identify them on the contract; or (d) Elegant Furniture failed to deliver to Plaintiff a legible copy of the contract at the time she signed it?

_____ Yes   _____ No

If your answer to question 18 was yes, then answer the following question.  If your answer to question 18 was no, stop here, answer no further questions, and have the presiding juror sign and date this form.


19.    Plaintiff is entitled to recover $1,318.96 from Defendant, representing finances charges and late fees paid by her to Defendant under the contract.

_____ Agree   _____ Disagree

**Signed:** _____

**Dated:** _____

**After [this verdict form has/all verdict forms have] been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.**

Pursuant to Section V.G of the Court's Case Management and Pretrial Order (ECF No. 161 at 6:23-27), Defendant American First Finance, Inc. submits that its proposed verdict form should be provided to the jury rather than Plaintiff Maria Andrade's proposed form for the following reasons.

First, Plaintiff's proposed form seeks findings on matters that are for the Court, not the jury, to decide, or a matter that must be bifurcated, *i.e.*, the amount of punitive damages. *See, e.g.*, Defendant's Motions in Limine Nos. 3 & 4 (ECF Nos. 338, 339). Thus, questions 2(A) through 2(C) are improperly included on Plaintiff's proposed form.

Second, Plaintiff's proposed form improperly asks whether "AFF or its agent" made various misrepresentations or omissions. Plaintiff's only reference to a theory of agency liability is a boilerplate allegation set forth in paragraph 29 of her Second Amended Complaint. Plaintiff alleges and has testified that her only interactions were with former Defendant Elegant Furniture. *See* ECF No. 162 at ¶¶ 40-41. There is no evidentiary support to ask whether AFF made a misrepresentation or omission. Thus, as phrased, question numbers 1(B) and 3 through 5[1] are improperly included on Plaintiff's proposed form.

Third, Defendant's proposed form will help the jury focus on the issues and reduce the length and complexity of the jury instructions. Defendant's form clearly and explicitly state the law, tracking the elements of Plaintiff's claims, thereby focusing the jury. Plaintiff's form, meanwhile, omits certain required findings, such as findings on essential elements of Plaintiff's CLRA and Unruh Act claims, or that Plaintiff was damaged; improperly merges her Unruh Act claims into a single question; and improperly directs the jury to award her a specified amount of damages rather than leaving that determination to the jury. Defendant's form, in contrast, properly require the jury to return written findings of fact as to the material issues in the case, step by step, thereby avoiding confusion.

---

[1] Plaintiff's proposed form includes two questions numbered "3." Both are improperly phrased.

DATED: February 24, 2023.

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR


By:   *s/ Jeffrey A. Topor*
      Jeffrey A. Topor
      Attorneys for American First Finance, LLC