TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
SIMMONDS & NARITA LLP
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

BRYAN O. BALOGH
*Admitted Pro Hac Vice*
bbalogh@burr.com
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, AL 35203-5210
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

*Attorneys for American First Finance, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA ANDRADE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FIRST FINANCE, INC., *et al.*, <br><br> Defendants. | Case No. 3:18-cv-06743-SK <br><br> **DEFENDANT'S MEMORANDUM OF LAW REGARDING DISPUTED PROPOSED JURY INSTRUCTIONS** <br><br> Pretrial Conference: March 10, 2023 <br><br> HONORABLE SALLIE KIM |

---

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

Defendant American First Finance, LLC submits the following memorandum of law in support of Defendant's proposed instructions and in opposition to Plaintiff's disputed proposed jury instructions.

**DISPUTED INSTRUCTION NO. 43**

**Substantial Compliance with Consumer Legal Remedies Act Claims, offered by Defendant**

Defendant believes it is important to instruct the jury that Defendant is not liable for any violation of the Consumer Legal Remedies Act if the jury finds that Defendant substantially complied with the essential purpose of the Consumer Legal Remedies Act. California cases have repeatedly held that there is no violation of a statute where a defendant has substantially complied with it. *See, e.g., Cal. Teachers Asso. v. Collins*, 1 Cal. 2d 202, 204-05 (1934) (defendant's 12-point notice substantially complied with 18-point type-size requirement of statute); *Stasher v. Harger-Haldeman*, 58 Cal.2d 23, 29 (1962) (denying request for rescission of conditional sales agreement that substantially complied with the requirements of 2982 of the Civil Code), *superseded by statute on other grounds*, 2012 Cal AB 2502; *Cal-Air Conditioning, Inc. v. Auburn Union Sch. Dist.*, 21 Cal. App. 4th 655, 669 (1993) (<u>verbal</u> notice to plaintiff that defendant intended to substitute a different subcontractor substantially complied with the statute's requirements to provide <u>written</u> notice); *Wand Corp. v. San Gabriel Valley Lumber Co.,* 236 Cal. App. 2d 855, 856-57 (1965) (enforcing lien even though prelien notice misstated name of the contracting party, contrary to the statute); *Indus. Asphalt v. Garrett Corp.*, 180 Cal. App. 3d 1001, 1009-10 (1986) (subcontractor perfected mechanic's lien, even though bankrupt original contractor was not served as required by statute; defendant had received notice of lien); *People v. Carroll*, 222 Cal. App. 4th 1406 (2014) (an "own recognizance" release agreement substantially complied with section 1318 of the Penal Code, despite omitting two of the statute's five requirements); *see also People v. Hoag*, 83 Cal. App. 4th 1198, 1211 ("although there was a technical violation of the knock-notice requirement in that the officers did not wait a sufficient time before entering, the essential Fourth Amendment inquiry is whether, under the totality of the circumstances, the policies underlying the knock-notice requirement have nevertheless been served.").

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

1

**DISPUTED INSTRUCTION NO. 53**

**Substantial Compliance Unruh Act Claims, offered by Defendant**

Defendant believes it is important to instruct the jury that Defendant is not liable for any violation of the Unruh Act if the jury finds that Defendant substantially complied with the essential purpose of the Unruh Act. California cases have repeatedly held that there is no violation of a statute where a defendant has substantially complied with it. *See, e.g., Cal. Teachers Asso. v. Collins*, 1 Cal. 2d 202, 204-05 (1934) (defendant's 12-point notice substantially complied with 18-point type-size requirement of statute); *Stasher v. Harger-Haldeman*, 58 Cal.2d 23, 29 (1962) (denying request for rescission of conditional sales agreement that substantially complied with the requirements of 2982 of the Civil Code), *superseded by statute on other grounds*, 2012 Cal AB 2502; *Cal-Air Conditioning, Inc. v. Auburn Union Sch. Dist.*, 21 Cal. App. 4th 655, 669 (1993) (<u>verbal</u> notice to plaintiff that defendant intended to substitute a different subcontractor substantially complied with the statute's requirements to provide <u>written</u> notice); *Wand Corp. v. San Gabriel Valley Lumber Co.*, 236 Cal. App. 2d 855, 856-57 (1965) (enforcing lien even though prelien notice misstated name of the contracting party, contrary to the statute); *Indus. Asphalt v. Garrett Corp.*, 180 Cal. App. 3d 1001, 1009-10 (1986) (subcontractor perfected mechanic's lien, even though bankrupt original contractor was not served as required by statute; defendant had received notice of lien); *People v. Carroll*, 222 Cal. App. 4th 1406 (2014) (an "own recognizance" release agreement substantially complied with section 1318 of the Penal Code, despite omitting two of the statute's five requirements); *see also People v. Hoag*, 83 Cal. App. 4th 1198, 1211 ("although there was a technical violation of the knock-notice requirement in that the officers did not wait a sufficient time before entering, the essential Fourth Amendment inquiry is whether, under the totality of the circumstances, the policies underlying the knock-notice requirement have nevertheless been served.").

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

2

**DISPUTED INSTRUCTION NO. 54**

**Contract Formation – Acceptance, offered by Defendant**

Because the evidence will show that Ms. Andrade was aware that she was electronically signing some form of agreement when she clicked a mouse at the Elegant Furniture store, the defendant believes the jury must be informed of the legal effect of signing a contract without reading it. *See Randas v. YMCA of Metropolitan Los Angeles*, 17 Cal. App. 4th 158, 163, 21 Cal. Rptr. 2d 245 (1993) ("Ordinarily, one who accepts or signs an instrument, which on its face is a contract, is deemed to assent to all its terms, and cannot escape liability on the ground that he has not read it.").

**DISPUTED INSTRUCTION NO. 61**

**Apportionment of Responsibility, offered by Defendant**

Defendant will offer evidence proving that the harm suffered by Ms. Andrade, if any, was caused by Elegant Furniture. Defendant contends it is important for the jury to be instructed on their responsibility for determining the relative percentage of responsibility. This instruction is a modified version of the Model California instruction, 1 CACI 406 (Rev. 2011).

**DISPUTED INSTRUCTION NO. 62**

**Reliance on Good Conduct of Others, offered by Defendant**

Defendant believes the jury must be instructed of Defendant's right to expect that other persons will use reasonable care and not violate the law, absent indications that the person will not use reasonable care or obey the law. This proposed instruction is an unrevised version of the California Model Instruction, 1 CACI 411 (Rev. 2020).

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

3

**DISPUTED INSTRUCTION NO. 63**

**Affirmative Defense – Causation: Third Party Conduct as Superseding Cause, offered by Defendant**

Defendant believes it is proper for the jury to be instructed regarding the elements of a superseding cause and the impact on liability, particularly when the evidence will show that Defendant was not present at the point of sale when Plaintiff made her purchase of furniture from Elegant Furniture. This instruction is derived from California Model Instruction 1 CACI 432 (Rev. 2011).

**DISPUTED INSTRUCTION NO. 64**

**FTC Holder Rule, offered by Defendant**

Ms. Andrade seeks to hold Defendant responsible for the conduct of Elegant Furniture. Defendant's responsibility, if any, to Ms. Andrade is limited by the FTC Holder Rule and by section 1804.2(a) of the California Civil Code. The Holder Rule, which is codified at 16 C.F.R. § 433.2, provides that all consumer credit contracts must include a notice stating: "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." Section 1804.2(a) of the California Civil Code provides: "An assignee of the seller's rights is subject to all equities and defenses of the buyer against the seller arising out of the sale, notwithstanding an agreement to the contrary, but the assignee's liability may not exceed the amount of the debt owing to the assignee at the time of the assignment."

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

4

**DISPUTED INSTRUCTION NO. 67**

**9th Circuit Model Instruction 4.2: Liability of Corporations – Scope of Authority Not in Issue, offered by Defendant**

  Defendant believes the jury must be instructed that a corporation is responsible for the acts of its employees, agents, directors, or officers only when those acts are performed within the scope of authority. This proposed instruction is an unrevised version of the Ninth Circuit Model Civil Jury Instructions (2022).

**DISPUTED INSTRUCTION NO. 70**

**Ninth Circuit Model Instruction 5.5: Punitive Damages, offered by Defendant**

  Because Plaintiff is seeking punitive damages, the jury must be instructed on the proper standards for the imposition of such damages. This instruction is a modified version of the Ninth Circuit Model Jury Instruction No. 5.5 (2022).

**DISPUTED INSTRUCTION NO. 71**

**Punitive Damages Against Employer or Principal for Conduct of a Specific Agent or Employee – Bifurcated Trial (First Phase), offered by Defendant**

  Defendant contends that that any punitive damages evidence and argument should be bifurcated to Phase II of the trial. In addition, California law mandates that punitive damages may not be awarded against a corporate entity absent a showing by clear and convincing evidence that one of the corporation's officers, directors or managing agents acted with malice, oppression or fraud. This instruction is a modified version of the California standard jury instruction to be used in this circumstance, 2 CACI 3944 (Rev. 2020).

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

5

**DISPUTED INSTRUCTION NO. 72**

**Punitive Damages – Individual and Corporate Defendants (Corporate Liability Based on Acts of Named Individual) – Bifurcated Trial (Second Phase), offered by Defendant**

Defendant contends that that any punitive damages evidence and argument should be bifurcated to Phase II of the trial. In addition, California law mandates that punitive damages may not be awarded against a corporate entity unless the jury is instructed to consider all of the relevant factors as listed in this instruction. This instruction is a modified version of the California standard jury instruction to be used in this circumstance, 2 CACI 3949 (Rev. 2008)

**DISPUTED INSTRUCTION NO. 73**

**Damages on Multiple Legal Theories, offered by Defendant**

Ms. Andrade is pursuing multiple claims under the Unruh Act and the Consumer Legal Remedies Act. Defendant believes the jury must be instructed that Ms. Andrade may not be awarded the same damages under multiple legal theories. This instruction is a modified version of the Model California instruction, 2 CACI 3934 (2010).

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

6

Defendant American First Finance, LLC submits the following memorandum of law in opposition to Plaintiff's disputed proposed jury instructions.

**DISPUTED INSTRUCTION NO. 1**

**9th Circuit Model Instruction 1.2: Duty of Jury (Court Reads and Provides Written Set of Instructions at the Beginning of Trial), offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 1, because Defendant believes it is preferable to provide the jury with instructions at the close of all evidence, rather than before any evidence is received. For the same reasons, Defendant contends that the Court should not provide a written set of instructions to the jury before the evidence is received. If the Court elects to instruct the jury before any evidence is presented, however, then Defendant does not object to the use of this instruction.

**DISPUTED INSTRUCTION NO. 21**

**9th Circuit Model Instruction 2.5: Transcript of Recording in English, offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 21, on the grounds that there is no need to admit copies of any transcripts to be admitted in evidence for the limited purpose of a "listening aid." *See United States v. Delgado,* 357 F. 3d 1061, 1071 (9th Cir. 2004). To extent the audio evidence is determined to be admissible, the Court may allow the jury to hear videos of depositions and other recordings. But there is no basis for also providing the jury with a transcript of that testimony, as it will unduly influence, mislead, confuse, or suggest to the jury that testimony contained in the transcript is more important than testimony given by a live witness.

**DISPUTED INSTRUCTION NO. 22**

**9th Circuit Model Instruction 2.9: Impeachment Evidence – Witness, offered by Plaintiff**

The only witness with a criminal record in this matter who may testify at trial is Murad "Sammy" Alrawashdeh. For the reasons noted in Defendant's Motion in Limine No. 5, evidence of Mr. Alrawashdeh's prior convictions should be excluded, as any probative value it may have is

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

7

far outweighed by its prejudicial effect. If Defendant's Motion in Limine No. 5 is granted, there is no reason to offer this instruction. In the event the Court denies Defendant's Motion In Limine No. 5, however, and if Mr. Alrawashdeh testifies and evidence of Mr. Alrawashdeh's criminal record is admitted, then Defendant has no objection to the use of this instruction.

**DISPUTED INSTRUCTION NO. 24**

**9th Circuit Model Instruction 2.12: Use of Requests for Admission, offered by Plaintiff**

Defendant objects to the use of responses to requests for admission that were given by a party who has been dismissed and is no longer a party to this action. The responses can no longer be considered admissions of a party and are therefore hearsay and do not fall under any exception to the hearsay rule. In the event the Court allows the responses to be admitted, however, it should do so with a limiting instruction that makes clear that the matters admitted are deemed established solely as to the former defendant who provided the response, and not as to Defendant.

**DISPUTED INSTRUCTION NOS. 55, 56, 57, 58, and 59**

**9th Circuit Model Instructions**

**4.4: Agent and Principal – Definition, offered by Plaintiff**

**4.5 Agent – Scope of Authority Defined, offered by Plaintiff**

**4.7 Ratification, offered by Plaintiff**

**4.8 Act of Agent is Act of Principal – Scope of Authority not in Issue , offered by Plaintiff**

**Special Instruction on Undisclosed Agency, offered by Plaintiff**

There is no basis for giving any instructions to the jury on the principles of agency, as this would only confuse and mislead the jury. Defendant has never disputed that its current or former employees, who have been identified as witnesses in this action, were acting in the course and scope of their employment. Elegant Furniture was not an agent of Defendant. To the contrary, Defendant and Elegant Furniture had an arm's length business relationship whereby Elegant Furniture would sell Retail Installment Sales Agreements to Defendant, pursuant to a written

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

8

merchant agreement. Moreover, there is no basis for introducing evidence relating to merchants other than Elegant Furniture as they were not involved in Ms. Andrade's transaction. Thus, there are no agency issues raised in this case which warrant the use of this jury instruction.

**DISPUTED INSTRUCTION NO. 34**

**CLRA Liberally Construed and Applied, offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 34, for the reasons noted in Defendant's Motion in Limine No. 4 regarding exclusion of evidence or argument on issues to be tried to the Court. The instruction proposed by Plaintiff is improper as the jury does not interpret the CLRA, and the jury is not charged with a duty to "liberally construe" the Act. Rather, this Court will instruct the jury on what the law is, and the jury applies that law to the evidence. Further, this instruction improperly implies to members of the jury that if they are unsure whether the evidence supports a violation of the CLRA or not, they should nonetheless rule in favor of Plaintiff. This is improper, and unfairly prejudicial to Defendant. There are standardized CLRA instructions offered by CACI, and the parties should not stray from the approved instructions.

**DISPUTED INSTRUCTION NO. 35**

**CLRA – Intent not Required, offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 35, because there are standardized CLRA instructions offered by CACI, and the parties should not stray from the approved instructions.

/ / /

/ / /

/ / /

/ / /

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

9

**DISPUTED INSTRUCTION NO. 37**

**CLRA – Violation of California Financing Law and CLRA Section 1770(a)(14), offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 37, because there are standardized CLRA instructions offered by CACI, and the parties should not stray from the approved instructions. This proposed instruction references alleged claims under the "California Financing Law" that have not been asserted as part of Plaintiff's CLRA claim. Plaintiff lacks standing to sue Defendant for alleged violations of the California Finance Code on which she relies. Because Plaintiff has not and cannot sue Defendant for violations of the California Finance Code, it would be improper, confusing and unfairly prejudicial to Defendant to instruct the jury that Defendant has the burden of proving that it is exempt from the Code's requirements.

**DISPUTED INSTRUCTION NO. 38**

**CLRA Types of Actionable Misrepresentations, offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 38, because there are standardized CLRA instructions offered by CACI, and the parties should not stray from the approved instructions. The evidence is undisputed that Defendant was not present at the point of sale during Plaintiff's transaction and therefore could not have made any representations or omissions in connection with the transaction that resulted in the sale of furniture to her. If the Court gives any instruction that is similar to this form, it should clarify that any representations or omissions were made by Elegant Furniture, and the jury should also be instructed on the limitations imposed by the FTC Holder rule and section 1804.2 of the California Civil Code.

/ / /

/ / /

/ / /

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

10

**DISPUTED INSTRUCTION NO. 39**

**CLRA -- Omissions, offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 39 because there are standardized CLRA instructions offered by CACI, and the parties should not stray from the approved instructions. The evidence is undisputed that Defendant was not present at the point of sale during Plaintiff's transaction and therefore could not have made any representations or omissions in connection with the transaction that resulted in the sale of furniture to her. If the Court gives any instruction that is similar to this form, it should clarify that any representations or omissions were made by Elegant Furniture, and the jury should also be instructed on the limitations imposed by the FTC Holder rule and section 1804.2 of the California Civil Code.

**DISPUTED INSTRUCTION NO. 40**

**CLRA Likelihood of Deceiving, offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 40 because there are standardized CLRA instructions offered by CACI, and the parties should not stray from the approved instructions. The evidence is undisputed that Defendant was not present at the point of sale during Plaintiff's transaction and therefore could not have made any representations or omissions in connection with the transaction that resulted in the sale of furniture to her. If the Court gives any instruction that is similar to this form, it should clarify that any representations or omissions were made by Elegant Furniture, and the jury should also be instructed on the limitations imposed by the FTC Holder rule and section 1804.2 of the California Civil Code.

**DISPUTED INSTRUCTION NO. 41**

**CLRA Materiality, offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 41 because there are standardized CLRA instructions offered by CACI, and the parties should not stray from the

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

11

approved instructions.  The evidence is undisputed that Defendant was not present at the point of sale during Plaintiff's transaction and therefore could not have made any representations or omissions in connection with the transaction that resulted in the sale of furniture to her.  If the Court gives any instruction that is similar to this form, it should clarify that any representations or omissions were made by Elegant Furniture, and the jury should also be instructed on the limitations imposed by the FTC Holder rule and section 1804.2 of the California Civil Code.

**DISPUTED INSTRUCTION NO. 42**

**CLRA "Reasonable Consumer Standard," offered by Plaintiff**

Defendant objects to Plaintiff's Proposed Jury Instruction No. 42 because there are standardized CLRA instructions offered by CACI, and the parties should not stray from the approved instructions.  The evidence is undisputed that Defendant was not present at the point of sale during Plaintiff's transaction and therefore could not have made any representations or omissions in connection with the transaction that resulted in the sale of furniture to her.  If the Court gives any instruction that is similar to this form, it should clarify that any representations or omissions were made by Elegant Furniture, and the jury should also be instructed on the limitations imposed by the FTC Holder rule and section 1804.2 of the California Civil Code.

**DISPUTED INSTRUCTION NO. 44**

**Transition: Introduction to Plaintiff's Claim for Violation of the Unruh Act, offered by Plaintiff**

This proposed instruction references alleged claims under the "California Financing Law" that have not been asserted as part of Plaintiff's CLRA claim.  Plaintiff lacks standing to sue Defendant for alleged violations of the California Finance Code on which she relies. Because Plaintiff has not and cannot sue Defendant for violations of the California Finance Code, it would

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

12

be improper, confusing and unfairly prejudicial to Defendant to instruct the jury that Defendant has the burden of proving that it is exempt from the Code's requirements.

**DISPUTED INSTRUCTION NO. 45**

**Violation of the Unruh Act, offered by Plaintiff**

This proposed instruction misstates the law. Section 1803.2 of the Civil Codes sets forth the items that must be contained in a retail installment contract. Section 1803.3(a) provides for an exception to the single document rule which specifies: "Services or multiple items of goods may be described in general terms and may be described in detail sufficient to identify them in a separate writing." Section 1803.7 provides that the contract documents can be provided to the buyer by the holder and the section does not specify that this must occur at the time of signing. If the Court gives any instruction that is similar to this form, it should clarify that any representations or omissions were made by Elegant Furniture, and the jury should also be instructed on the limitations imposed by the FTC Holder rule and section 1804.2 of the California Civil Code.

**DISPUTED INSTRUCTION NO. 46**

**The Unruh Act – No Inferences That The Merchant Is Not A Defendant, offered by Plaintiff**

This proposed instruction is not a standard instruction and is not supported by any authority. The jury is entitled to consider the fact that Elegant Furniture was sued by Plaintiff and that it is no longer a defendant in this case. If the jury finds that there was a violation of law and that Plaintiff suffered damages, the jury should also be instructed as suggested by Defendant that it must determine the relative fault of the parties who contributed to that harm.

/ / /

/ / /

/ / /

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

13

**DISPUTED INSTRUCTION NO. 49**

**The Unruh Act – Delivery and Acknowledgment Requirements, offered by Plaintiff**

Defendant objects to this instruction as it misstates the law and is incomplete. Section 1803.7 also provides that the Holder can provide the buyer with the contract. Defendant has proposed an alternative instruction that includes appropriate language.

**DISPUTED INSTRUCTION NO. 68**

**Damages – "Out of Pocket" Rule, offered by Plaintiff**

Defendant objects to using a modified version of the standardized instruction on damages. Defendant contends that the Court should use Defendant's proposed instruction on damages, which tracks the approved language.

**DISPUTED INSTRUCTION NO. 69**

**Damages – Punitive Damages, offered by Plaintiff**

Defendant contends that the issue of liability and punitive damages should be bifurcated, and that the standard instructions for punitive damages in a bifurcated trial should be used. Defendant has proposed such an instruction, which tracks the approved language. Defendant objects to using a modified version of the standardized instruction on punitive damages.

DATED: February 24, 2023.

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: _/s/ Tomio B. Narita_
    Tomio B. Narita
    Attorneys for American First Finance, LLC

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
DEFENDANT'S MEMORANDUM OF LAW RE DISPUTED PROPOSED JURY INSTRUCTIONS

14