TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
SIMMONDS & NARITA LLP
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

ROBERT S. GREEN (SBN 136183)
JAMES ROBERT NOBLIN (SBN 114442)
EMRAH M. SUMER (SBN 329181)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

BRYAN O. BALOGH
*Admitted Pro Hac Vice*
bbalogh@burr.com
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, AL 35203-5210
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

ALICIA HINTON (SBN 292849)
**LAW OFFICE OF A.L. HINTON**
7081 N. Marks Ave. #104
PMB 414
Fresno, CA 93711
Telephone: (559) 691-6900
Facsimile: (559) 421-0373
Email: alicia@alhintonlaw.com

*Attorneys for American First Finance, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MARIA ANDRADE, *et al.*,

Plaintiffs,

v.

AMERICAN FIRST FINANCE, INC., *et al.*,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:18-cv-06743-SK

**[PROPOSED] JOINT JURY INSTRUCTIONS**

Pretrial Conference: March 10, 2023

HONORABLE SALLIE KIM

Pursuant to the Case Management and Pretrial Order (Dkt. 161), Plaintiff Maria Andrade and Defendant American First Finance, LLC, jointly submit this proposed set of jury instructions arranged in logical sequence.

Respectfully submitted,

Dated: February 24, 2023

By: _s/ Tomio B. Narita_
    Tomio B. Narita
    Attorneys for American First Finance, LLC

Respectfully submitted,

Dated: February 24, 2023

By: _s/Robert S. Green_
    Robert S. Green
    Attorneys for Plaintiff Maria Andrade

**<u>DISPUTED INSTRUCTION NO. 1 RE: DUTY OF JURY, OFFERED BY PLAINTIFF</u>**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.2 (2022).

## STIPULATED INSTRUCTION NO. 2 RE: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiff asserts that [*plaintiff's claims*] Defendant violated the Consumers Legal Remedies Act. This Act is intended to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection. I will be providing you with more detailed instructions regarding these claims.. The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that Defendant was at all times entitled to enforce the contract and acted reasonably and consistently with the contractual terms in doing so. [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.5 (2022); Doc. 162; Doc. 178; Doc. 316.

## **STIPULATED INSTRUCTION NO. 3 RE: BURDEN OF PROOF, PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.6 (2022).

## STIPULATED INSTRUCTION NO. 4 RE: BURDEN OF PROOF, CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the part must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claims or defenses are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.7 (2022).

## STIPULATED INSTRUCTION NO. 5 RE: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] ~~[have instructed]~~ you to accept as proved.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.9 (2022).

## STIPULATED INSTRUCTION NO. 6 RE: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

***Authority:*** Ninth Circuit Model Civil Jury Instructions No. 1.10 (2022).

# STIPULATED INSTRUCTION NO. 7 RE: EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

~~[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]~~

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.11 (2022).

# STIPULATED INSTRUCTION NO. 8 RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.12 (2022).

## <u>STIPULATED INSTRUCTION NO. 9 RE: RULING ON OBJECTIONS</u>

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

***Authority:*** Ninth Circuit Model Civil Jury Instructions No. 1.13 (2022).

## STIPULATED INSTRUCTION NO. 10 RE: CREDIBILITY OF WITNESS

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.14 (2022).

# STIPULATED INSTRUCTION NO. 11 RE: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have

no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.15 (2022).

# STIPULATED INSTRUCTION NO. 13 RE: NO TRANSCRIPT AVAILABLE TO JURY

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.16 (2022).

## STIPULATED INSTRUCTION NO. 14 RE: TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the ~~[courtroom]~~ [jury room] ~~[envelope in the jury room]~~. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.18 (2022).

## STIPULATED INSTRUCTION NO. 15 RE: QUESTIONS TO WITNESSES BY JURORS

*Option 1*

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [~~Specific reasons for not allowing jurors to ask questions may be explained.~~] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

*~~Option 2~~*

~~When attorneys have finished their examination of a witness, you may ask questions of the witness. [If you wish to ask a question of a witness, you will need to write that question on a piece of paper and pass it to the courtroom deputy.] If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.~~

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.19 (2022).

## **STIPULATED INSTRUCTION NO. 16 RE: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] ~~[became]~~ necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] ~~[was]~~ present in the courtroom, or by calling a recess. Please understand that while you [are] ~~[were]~~ waiting, we [are] ~~[were]~~ working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] ~~[have done]~~ what we [can] ~~[could]~~ to keep the number and length of these conferences to a minimum. I [may] ~~[did]~~ not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.20 (2022).

## STIPULATED INSTRUCTION NO. 17 RE: OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 1.21 (2022).

## STIPULATED INSTRUCTION NO. 18 RE: CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

~~[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]~~

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.0 (2022).

## STIPULATED INSTRUCTION NO. 19 RE: STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you]. You must therefore treat these facts as having been proved.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.2 (2022).

# STIPULATED INSTRUCTION NO. 20 RE: DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.4 (2022).

# DISPUTED INSTRUCTION NO. 21 RE: TRANSCRIPT OF RECORDING IN ENGLISH, OFFERED BY PLAINTIFF

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.5 (2022).

# DISPUTED INSTRUCTION NO. 22 RE: IMPEACHMENT EVIDENCE, OFFERED BY PLAINTIFF

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.9 (2022).

## STIPULATED INSTRUCTION NO. 23 RE: USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.11 (2022).

## DISPUTED INSTRUCTION NO. 24 RE: USE OF REQUESTS FOR ADMISSION, OFFERED BY PLAINTIFF

Evidence [will now be] [~~was~~] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.12 (2022).

## STIPULATED INSTRUCTION NO. 25 RE: EXPERT OPINION

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.13 (2022).

## STIPULATED INSTRUCTION NO. 26 RE: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.14 (2022).

1  **STIPULATED INSTRUCTION NO. 27 RE: CHARTS AND SUMMARIES RECEIVED IN**

2  **EVIDENCE**

3

4        Certain charts and summaries ~~[may be]~~ [have been] admitted into evidence to illustrate

5  information brought out in trial. Charts and summaries are only as good as the testimony or other

6  admitted evidence that supports them. You should, therefore, give them only such weight as you

7  think the underlying evidence deserves.

8

9  *Authority:* Ninth Circuit Model Civil Jury Instructions No. 2.15 (2022).

## STIPULATED INSTRUCTION NO. 28 RE: EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, a projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data. ***Authority:*** Ninth Circuit Model Civil Jury Instructions No. 2.16 (2022).

## **STIPULATED INSTRUCTION NO. 29 RE: DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 3.1 (2022).

# STIPULATED INSTRUCTION NO. 30 RE: CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 3.2 (2022).

## STIPULATED INSTRUCTION NO. 31 RE: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 3.3 (2022).

## STIPULATED INSTRUCTION NO. 32 RE: RETURN OF VERDICT

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] ~~[foreperson]~~ should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 3.5 (2022).

# STIPULATED INSTRUCTION NO. 33 RE: TRANSITION: INTRODUCTION TO PLAINTIFF'S CLAIM FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

I will now provide you with instructions pertaining to Plaintiff's claim for violation of the California Consumers Legal Remedies Act and the California Financing Law against Defendant American First Finance, LLC ("AFF").

## **DISPUTED INSTRUCTION NO. 34 RE: CONSUMERS LEGAL REMEDIES ACT –**

## **LIBERALLY CONSTRUED AND APPLIED, OFFERED BY PLAINTIFF**

The Consumers Legal Remedies Act is to be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

***Authority***:  Civil Code § 1760; *Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal. App. 4th 663, 680; *Wang v. Massey Chevrolet* (2002) 97 Cal.App.4th 856, 869.

# DISPUTED INSTRUCTION NO. 35 RE: CONSUMERS LEGAL REMEDIES ACT – INTENT NOT REQUIRED, OFFERED BY PLAINTIFF

Plaintiff does not need to show that AFF had the intent to deceive her to establish that AFF is liable to her under the Consumers Legal Remedies Act.

**Authority:** *Chamberlain v. Ford Motor Co.* (N. D. Cal. 2005), 369 F. Supp. 2d 1138, 1144

**STIPULATED INSTRUCTION NO. 36 RE: CONSUMERS LEGAL REMEDIES ACT –
NOTICE REQUIREMENT FOR DAMAGES**

To recover actual damages in this case, ~~[*name of plaintiff*]~~ plaintiff must prove that, 30 days or more before filing a claim for damages, ~~[he/she/*nonbinary pronoun*]~~ she gave notice to AFF that did all of the following:

1. Informed ~~[*name of defendant*]~~ AFF of the particular violations for which the lawsuit was brought;

2. Demanded that AFF ~~[*name of defendant*]~~ correct, repair, replace, or otherwise fix the problem with the financing that AFF provided in connection with plaintiff's purchase of furniture ~~[*specify product or service*]~~; and

3. Provided the notice to the defendants in writing and by certified or registered mail, return receipt requested, to the place where the transaction occurred or to ~~[*name of defendant*]~~'s principal place of business within California or, AFF does not have a principal place of business in California, then to its out of state headquaters.

~~[*Name of plaintiff*]~~ Plaintiff must have complied exactly with these notice requirements and procedures.

***Authority***:  CACI 4701;  *Greenberg v. Target Corp.*, No. 17-cv-01862-RS, 2017 U.S. Dist. LEXIS 222394, at *11-12 (N.D. Cal. Aug. 28, 2017)(30 day notice to out of state headquarters complied with CLRA notice requirement); *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 U.S. Dist. LEXIS 112119, at *16 n.19 (C.D. Cal. Oct. 12, 2010)("Notice sent to a

corporation's out-of-state headquarters, however, has been deemed sufficient under §

1782.")(citing *Shein v. Canon U.S.A.,Inc.,* No. CV08-07323 CAS(Ex), 2009 U.S. Dist. LEXIS

94109 (C.D. Cal. Sept. 22, 2009)( ("[B]y sending the demand letter to defendant's headquarters in

New York . . . plaintiffs have served notice that substantially complies with the purposes of the

notice requirement").

## <u>DISPUTED INSTRUCTION NO. 37 RE: CONSUMERS LEGAL REMEDIES ACT – VIOLATION OF CALIFORNIA FINANCING LAW AND CLRA SECTION 1770(A)(14), OFFERED BY PLAINTIFF</u>

In deciding whether Plaintiff's transaction with AFF involved rights, remedies, or obligations which are prohibited by law, you may consider whether AFF violated the California Financing Law.

Plaintiff claims that AFF charged excessive interest rates in the Security Agreement beyond what California Financing Law allows, and failed to obtain a lender's license from the state of California in order to evade provisions of California Financing Law.

It is a violation of the CFL to "engage in the business of a finance lender … without obtaining a license from the commissioner." A finance lender "includes any person who is engaged in the business of making consumer loans." A consumer loan "means a loan … the proceeds of which are intended by the borrower for use primarily for personal, family, or household purposes."

AFF claims that its financing agreements fall within an exemption to the California Financing Law which provides that: "This division does not apply to bona fide conditional contracts of sale involving the disposition of personal property when these forms of sales agreements are not used for the purpose of evading this division."

AFF has the burden of proving by a preponderance of evidence that it did not structure its contracts, including the plaintiff's Security Agreement, in the form of retail installment sales contracts for the purpose of evading the provisions of the California Financing Law. Put another way, the question you need to answer is whether AFF's retail installment sales program, assessed

in light of all the circumstances, had as its true object the lending of money at an excessive rate of interest.

If you find that the exemption to the California Financing Law does not apply to AFF, then its Security Agreement with Plaintiff is void. A violation of the California Financing Law would constitute a violation of Consumers Legal Remedies Act Section 1770(a)(14) which prohibits making representations or omissions that a transaction confers or involves rights, remedies or obligations that it does not have or involve, or that are prohibited by law.

You must then determine if Plaintiff suffered damage as a result of AFF's conduct.

***Authority***: California Finance Code §§22053, 22054, 22009, 22100 (a), 22203, 22750; *Boerner v. Colwell,* 21 Cal.3d 37 (1978); *Lawrence v. Commodity Futures Trading Com.,* 759 F.2d 767 (9th Cir. 1985)

## DISPUTED INSTRUCTION NO. 38 RE: CONSUMERS LEGAL REMEDIES ACT –
## TYPES OF ACTIONABLE MISREPRESENTATIONS, OFFERED BY PLAINTIFF

There are three types of representations that may support liability under the Consumers Legal Remedies Act:

The first category is *false statements*. Falsity may be established by testing, scientific literature, expert testimony or anecdotal evidence. A statement can be found to be deceptive based on its literal falsity without the need for any extrinsic evidence such as a consumer survey.

The second category is statements that are *literally true but are misleading* – for example, because they fail to disclose other relevant information.

The third category is *ambiguous representations* that convey more than one meaning to a reasonable consumer, at least one of which is false or misleading.

***Authority***:  *Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal.App.4th 1351, 1362; *Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal.App.4th 663, 682; *Brockey v. Moore* (2003) 107 Cal.App.4th 86, 89, 99-100;  *Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 509; *Cliffdale Associates, Inc.* (1984) 103 F.T.C. 110, 177-78.

**DISPUTED INSTRUCTION NO. 39 RE: CONSUMERS LEGAL REMEDIES ACT –**

**OMISSIONS, OFFERED BY PLAINTIFF**

The deceptive practices proscribed by the CLRA include the concealment or suppression of material facts. This is because fraud or deceit encompasses the suppression of a material fact by one who is bound to disclose it, or the suppression of a material fact that is contrary to a representation that was made. A failure to disclose a material fact can constitute actionable fraud or deceit in three circumstances: (1) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (2) when the defendant actively conceals a material fact from the plaintiff; or (3) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed.

**Authority**:  *Collins v. eMachines, Inc.* (2011) 202 Cal. App. 4th 249, 255-56, citing *LiMandri v. Judkins* (1997) 52 Cal. App. 4th 326, 336.

# DISPUTED INSTRUCTION NO. 40 RE: CONSUMERS LEGAL REMEDIES ACT – LIKELIHOOD OF DECEIVING, OFFERED BY PLAINTIFF

Conduct, representations or omissions that are likely to mislead or deceive a reasonable consumer violate the Consumers Legal Remedies Act. "Likely to deceive" implies more than a mere possibility that the representation might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Nor does it mean that *every* consumer must be misled by it. Rather, the phrase indicates that the statement is such that some reasonably significant number or percentage of the general consuming public or targeted consumers, acting reasonably in the circumstances, could be expected to be misled.

*Authority*:   *Colgan v. Leatherman Tool Group*, *Inc.* (2006) 135 Cal. App. 4th 663, 680; *Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal.App.4th 1351, 1360; *Nagel v. Twin Laboratories, Inc*. (2003) 109 Cal.App.4th 39, 54; *Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 509; *Cliffdale Associates, Inc.* (1984) 103 F.T.C. 110, 177-78.

1
## <u>DISPUTED INSTRUCTION NO. 41 RE: CONSUMERS LEGAL REMEDIES ACT –</u>
2
## <u>MATERIALITY, OFFERED BY PLAINTIFF</u>

3

4    A fact is considered to be "material" to a decision if a reasonable consumer would attach
5 importance to its existence or non-existence in reaching that decision. Here, "material" facts are
6 those which could impact a reasonable consumer's decision to enter into a Security Agreement
7 that requires them to transact with and make ongoing loan payments to AFF for the life of their
8 loan.

9

10 ***Authority***: *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 976-77;  *Cliffdale*
11 *Associates, Inc.* (1984) 103 F.T.C. 110, 151, 189; *Bristow v. Lycoming Engines* (E. D. Cal. April
12 10, 2007) 2007 U.S. Dist. LEXIS 31350; *Chamberlain v. Ford Motor Co*. (N. D. Cal. 2005), 369
13 F. Supp. 2d 1138, 1144.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **DISPUTED INSTRUCTION NO. 42 RE: CONSUMERS LEGAL REMEDIES ACT – THE "REASONABLE CONSUMER" STANDARD, OFFERED BY PLAINTIFF**

The "reasonable consumer" is not the most sophisticated, wary, or expert consumer, but, rather, the ordinary consumer acting reasonably under the circumstances.

***Authority***: *Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 508; *Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal. App. 4th 663, 682.

# DISPUTED INSTRUCTION NO. 43 RE: SUBSTANTIAL COMPLIANCE CONSUMERS LEGAL REMEDIES ACT CLAIMS, OFFERED BY DEFENDANT

Defendant is not liable for any violation of the Consumer Legal Remedies Act if you find that Defendant substantially complied with the essential purpose of the Consumer Legal Remedies Act.

***Authority:*** *Cal. Teachers Asso. v. Collins*, 1 Cal. 2d 202, 204-05 (1934) (defendant's 12-point notice substantially complied with 18-point type-size requirement of statute); *Stasher v. Harger-Haldeman*, 58 Cal.2d 23, 29 (1962) (denying request for rescission of conditional sales agreement that substantially complied with the requirements of 2982 of the Civil Code), *superseded by statute on other grounds*, 2012 Cal AB 2502; *Cal-Air Conditioning, Inc. v. Auburn Union Sch. Dist.*, 21 Cal. App. 4th 655, 669 (1993) (<u>verbal</u> notice to plaintiff that defendant intended to substitute a different subcontractor substantially complied with the statute's requirements to provide <u>written</u> notice); *Wand Corp. v. San Gabriel Valley Lumber Co.,* 236 Cal. App. 2d 855, 856-57 (1965) (enforcing lien even though prelien notice misstated name of the contracting party, contrary to the statute);*Indus. Asphalt v. Garrett Corp.*, 180 Cal. App. 3d 1001, 1009-10 (1986) (subcontractor perfected mechanic's lien, even though bankrupt original contractor was not served as required by statute; defendant had received notice of lien); *People v. Carroll*, 222 Cal. App. 4th 1406 (2014) (an "own recognizance" release agreement substantially complied with section 1318 of the Penal Code, despite omitting two of the statute's five requirements); *see also People v. Hoag*, 83 Cal. App. 4th 1198, 1211 ("although there was a technical violation of the knock-notice requirement in that the officers did not wait a sufficient time before entering, the essential Fourth Amendment inquiry is whether, under the totality of the circumstances, the policies underlying the knock-notice requirement have nevertheless been served.").

**DISPUTED INSTRUCTION NO. 43, re Substantial Compliance Consumers Legal Remedies Act Claims**

Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

## DISPUTED INSTRUCTION NO. 44 RE: TRANSITION: INTRODUCTION TO PLAINTIFF'S CLAIM FOR VIOLATION OF THE UNRUH ACT, OFFERED BY PLAINTIFF

I will now provide you with instructions pertaining to Plaintiff's claim against Defendant American First Finance, LLC ("AFF") for violation of the California Unruh Act.

If you find that the defendant has proven it is *exempt* from the California Financing Law, then you should decide whether defendant violated the Unruh Act.

**DISPUTED INSTRUCTION NO. 44, FTC Holder Rule, offered by Defendant**

Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

## DISPUTED INSTRUCTION NO. 45 RE: VIOLATION OF THE UNRUH ACT, OFFERED BY PLAINTIFF

If you find that Plaintiff was not provided with a single document disclosing the entire agreement of the parties at the time of obtaining Plaintiff's signature upon the contract, then AFF is liable for violation of the UNRUH Act in its capacity as a holder and assignee.

*Authority*:  §§1803.7, 1804.2; *Pulliam v. HNL Auto. Inc.*, 13 Cal. 5th 127, 134, (2022), cert. denied sub nom. TD Bank, N.A. v. Pulliam, 143 S. Ct. 566 (2023) ("This [Holder Rule] provision gives consumers the ability to "defend a creditor suit for payment of an obligation by raising a valid claim against the seller as a set-off" and to "maintain an affirmative action against a creditor who has received payments for a return of monies paid on account.")

## DISPUTED INSTRUCTION NO. 46 RE: THE UNRUH ACT – NO INFERENCES THAT THE MERCHANT IS NOT A DEFENDANT, OFFERED BY PLAINTIFF

Plaintiff has an absolute right to pursue her claims in this matter solely against American First Finance to the exclusion of any other potential defendants associated with her purchase and finance transaction. Do not consider, for any reason at all, the fact that the retail seller, known as Elegant Furniture, is not a named defendant in this action. Do not discuss that fact during your deliberations or let it influence your decision in any way.

*Authority:*

# DISPUTED INSTRUCTION NO. 47 RE: THE UNRUH ACT – DEFINITION OF HOLDER, OFFERED BY PLAINTIFF

A "holder" is a financing agency that purchases a retail installment contract. A retailer's sale of a retail installment contract to a financing agency is called an assignment and the holder is known as the assignee of that assignment.

*Authority*: Civ. Code §1802.13.

# DISPUTED INSTRUCTION NO. 48 RE: THE UNRUH ACT – RETAIL INSTALLMENT SALES CONTRACT DISCLOSURE REQUIREMENTS, OFFERED BY PLAINTIFF

Every retail installment sales contract shall contain in a single document the entire agreement of the parties with respect to the cost and terms of payment for the goods. The contract must also include a description of the purchased goods sufficient to identify them. Multiple items of goods may be described in general terms in the contract and may be described in detail sufficient to identify them in a separate writing.

*Authority*:  Civ. Code §1803(a), 1803.3(a).

**DISPUTED INSTRUCTION NO. 49 RE: THE UNRUH ACT – RETAIL INSTALLMENT SALES CONTRACT DISCLOSURE REQUIREMENTS, OFFERED BY PLAINTIFF**

The retail seller is required to deliver a legible copy of the contract to Plaintiff at the time of the buyer's signature on the Security Agreement. The "contract" is made up of the Security Agreement and any separate writings used to describe the goods in sufficient detail to identify them.

*Authority:* Civ. Code §1803.7.

# DISPUTED INSTRUCTION NO. 50 RE: THE UNRUH ACT – RETAIL INSTALLMENT SALES CONTRACT DISCLOSURE REQUIREMENTS, OFFERED BY DEFENDANT

The retail seller is required to deliver a legible copy of the contract to Plaintiff at the time of the buyer's signature on the Security Agreement. The "contract" is made up of the Security Agreement and any separate writings used to describe the goods in sufficient detail to identify them. This requirement may also be satisfied if such documents are furnished by Defendant to Plaintiff.

*Authority*:  Civ. Code §1803.7.

# STIPULATED INSTRUCTION NO. 51 RE: THE UNRUH ACT – SECURITY AGREEMENT

The Security Agreement is a retail installment sales contract that represents a "retail installment sale" between Plaintiff, a "retail buyer" and a "retail seller" for the purchase of "goods" in California.

A "retail buyer" or "buyer" means a person who buys goods from a retail seller in a retail installment sale and not for the purpose of reselling those items as a retail seller.

"Goods" means items bought for use primarily for personal, family or household purposes.

"Retail seller" or "seller" is a person engaged in the business of selling goods to retail buyers.

A "retail installment sale" means the sale of goods by a retail seller to a retail buyer payable in installments.

A "retail installment contract" means any contract for a retail installment sale which provides for payments in more than four installments.

*Authority*:  California Civ. Code §§ 1802.1, 1802.3, 1802.4, 1802.5, 1802.13.

## STIPULATED INSTRUCTION NO. 52 RE: THE UNRUH ACT – SECURITY AGREEMENT

An assignee of the retail seller's rights is subject to all equities and defenses of the buyer against the seller arising out of the sale, notwithstanding an agreement to the contrary, but the assignee's liability may not exceed the amount of the debt owing to the assignee at the time of the assignment.

If you find that the retail seller violated the UNRUH Act, then AFF is liable to Plaintiff for the amount of the debt owing to AFF at the time of the assignment of the contract to AFF by the retail seller.

*Authority*:  Civ. Code §1804.2; *Pulliam v. HNL Auto. Inc*., 13 Cal. 5th 127, 131, cert. denied sub nom. TD Bank, N.A. v. Pulliam, 143 S. Ct. 566 (2023) ("The Federal Trade Commission's "Holder Rule" requires consumer credit contracts to include specific language permitting a consumer to assert against third party creditors all claims and defenses that could be asserted against the seller of a good or service.")

# DISPUTED INSTRUCTION NO. 53 RE: SUBSTANTIAL COMPLIANCE UNRUH ACT CLAIMS, OFFERED BY DEFENDANT

Defendant is not liable for any violation of the Unruh Act if you find that Defendant substantially complied with the essential purpose of the Unruh Act

**Authority:** *Cal. Teachers Asso. v. Collins*, 1 Cal. 2d 202, 204-05 (1934) (defendant's 12-point notice substantially complied with 18-point type-size requirement of statute); *Stasher v. Harger-Haldeman*, 58 Cal.2d 23, 29 (1962) (denying request for rescission of conditional sales agreement that substantially complied with the requirements of 2982 of the Civil Code), *superseded by statute on other grounds*, 2012 Cal AB 2502; *Cal-Air Conditioning, Inc. v. Auburn Union Sch. Dist.*, 21 Cal. App. 4th 655, 669 (1993) (<u>verbal</u> notice to plaintiff that defendant intended to substitute a different subcontractor substantially complied with the statute's requirements to provide <u>written</u> notice); *Wand Corp. v. San Gabriel Valley Lumber Co.,* 236 Cal. App. 2d 855, 856-57 (1965) (enforcing lien even though prelien notice misstated name of the contracting party, contrary to the statute);*Indus. Asphalt v. Garrett Corp.*, 180 Cal. App. 3d 1001, 1009-10 (1986) (subcontractor perfected mechanic's lien, even though bankrupt original contractor was not served as required by statute; defendant had received notice of lien); *People v. Carroll*, 222 Cal. App. 4th 1406 (2014) (an "own recognizance" release agreement substantially complied with section 1318 of the Penal Code, despite omitting two of the statute's five requirements); *see also People v. Hoag*, 83 Cal. App. 4th 1198, 1211 ("although there was a technical violation of the knock-notice requirement in that the officers did not wait a sufficient time before entering, the essential Fourth Amendment inquiry is whether, under the totality of the circumstances, the policies underlying the knock-notice requirement have nevertheless been served.").

**DISPUTED INSTRUCTION NO. 53, re Substantial Compliance Unruh Act Claims**

Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

<u>**DISPUTED INSTRUCTION NO. 54 RE: CONTRACT FORMATION – ACCEPTANCE,**</u>

<u>**OFFERED BY DEFENDANT**</u>

Both an offer and an acceptance are required to create a contract. If you find that Plaintiff signed the contract at issue in this case, then she <u>accepted the terms and a contract was formed.</u> <u>Plaintiff cannot escape liability because she failed to read the contract.</u>[Name of defendant] contends that a contract was not created because the offer was never accepted. To overcome this contention, [name of plaintiff] must prove both of the following:

1. That [name of defendant] agreed to be bound by the terms of the offer. [If [name of defendant] agreed to be bound only on certain conditions, or if [he/she/nonbinary pronoun/it] introduced a new term into the bargain, then there was no acceptance]; and

2. That [name of defendant] communicated [his/her/nonbinary pronoun/its] agreement to [name of plaintiff].

If [name of plaintiff] did not prove both of the above, then a contract was not created.

***Authority:*** CACI No. 309 (2022); *Randas v. YMCA of Metropolitan Los Angeles*, 17 Cal. App. 4th 158, 163, 21 Cal. Rptr. 2d 245 (1993) ("Ordinarily, one who accepts or signs an instrument, which on its face is a contract, is deemed to assent to all its terms, and cannot escape liability on the ground that he has not read it.").

**DISPUTED INSTRUCTION NO. 54, re Contract Formation – Acceptance, offered by Defendant**

Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

1    **STIPULATED INSTRUCTION NO. 55 RE: CORPORATIONS AND PARTNERSHIPS –**

2    **FAIR TREATMENT**

3

4    All parties are equal before the law and a [corporation] ~~[partnership]~~ is entitled to the same

5    fair and conscientious consideration by you as any party.

6

7    *Authority:* Ninth Circuit Model Civil Jury Instructions No. 4.1 (2022).

<u>**DISPUTED INSTRUCTION NO. 56 RE: AGENT AND PRINCIPAL - DEFINITION,**</u>

<u>**OFFERED BY PLAINTIFF**</u>

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 4.4 (2022).

## DISPUTED INSTRUCTION NO. 57 RE: AGENT – SCOPE OF AUTHORITY DEFINED, OFFERED BY PLAINTIFF

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 4.5 (2022).

# DISPUTED INSTRUCTION NO. 58 RE: UNDISCLOSED AGENCY, OFFERED BY PLAINTIFF

When an agent, with proper authority, represents his principal in a transaction, the liabilities which would accrue to the agent from that transaction may accrue to the principal as if the principal had entered into the transaction on his own account. The agent-principal relationship imposing such liabilities on the principal may be created when a principal ratifies the acts of its agent. A principal is an undisclosed principal if, when an agent and a third party interact, the third party has no notice that the agent is acting for the principal.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 4.6 (2022). *See* Cal. Civ. Code §2330 ("An agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal."; Cal. Civ. Code §2307 (" An agency may be created, and an authority may be conferred, by a precedent authorization or a subsequent ratification.); Restatement (Third) of Agency §1.04(2) (2006), ("A principal is undisclosed if, when an agent and a third party interact, the third party has no notice that the agent is acting for a principal.)

1 **DISPUTED INSTRUCTION NO. 59 RE: RATIFICATION, OFFERED BY PLAINTIFF**

2

3    A principal who ratifies the acts of his agent may be liable for the acts of that agent.

4 Ratification can be made by accepting or retaining the benefit of the act, with notice thereof.

5

6    *Authority:* Ninth Circuit Model Civil Jury Instructions No. 4.7 (2022).  *See* Cal. Civ. Code

7 §2307 ("An agency may be created, and an authority may be conferred, by a precedent

8 authorization or a subsequent ratification."; Cal. Civ. Code §2310 ("A ratification can be made

9 only in the manner that would have been necessary to confer an original authority for the act

10 ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the

11 act, with notice thereof."), Cal. Civ. Code §2309 ("An oral authorization is sufficient for any

12 purpose, except that an authority to enter into a contract required by law to be in writing can only

13 be given by an instrument in writing.").

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1
2

# DISPUTED INSTRUCTION NO. 60 RE: ACT OF AGENT IS ACT OF PRINCIPAL – SCOPE OF AUTHORITY NOT IN ISSUE, OFFERED BY PLAINTIFF

3

4       Any act or omission of an agent within the scope of authority is the act or omission of the

5   principal.

6

7   *Authority:* Ninth Circuit Model Civil Jury Instructions No. 4.8 (2022).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISPUTED INSTRUCTION NO. 60 – Liability of Corporations – Scope of Authority not in issue, offered by Defendant**

 Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

# DISPUTED INSTRUCTION NO. 61 RE: APPORTIONMENT OF RESPONSIBILITY, OFFERED BY DEFENDANT

~~[[Name of defendant]~~ AFF claims that the [~~negligence/~~fault] of ~~[insert name(s) or description(s) of nonparty tortfeasor(s)]~~ Elegant Furniture and its owner Murad Al Rawashdeh [also] contributed to ~~[name of plaintiff]'s~~ Mrs. Andrade's harm. To succeed on this claim, ~~[name of defendant]~~ AFF must prove both of the following:

1. That ~~[insert name(s) or description(s) of nonparty tortfeasor(s)]~~ Elegant Furniture and its owner Murad Al Rawashdeh [~~was/~~were] [~~negligent/~~at fault]; and

2. That the [~~negligence/~~fault] of ~~[insert name(s) or description(s) of nonparty tortfeasor(s)]~~ Elegant Furniture and its owner Murad Al Rawashdeh was a substantial factor in causing ~~[name of plaintiff]'s~~ Mrs. Andrade's harm.]

If you find that the [~~negligence/~~fault] of more than one person including ~~[name of defendant]~~ AFF [and] ~~[[name of plaintiff]/~~ Mrs. Andrade [and] ~~[name(s) or description(s) of nonparty tortfeasor(s)]]~~ Elegant Furniture and its owner Murad Al Rawashdeh was a substantial factor in causing ~~[name of plaintiff]'s~~ Mrs. Andrade's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of ~~[name of plaintiff]'s~~ Mrs. Andrade's total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

["Person" can mean an individual or a business entity.]

*Authority:* 1 CACI 406 (Rev. 2011).

# **DISPUTED INSTRUCTION NO. 62 RE: RELIANCE ON GOOD CONDUCT OF OTHERS, OFFERED BY DEFENDANT**

Every person has a right to expect that every other person will use reasonable care [and will not violate the law], unless that person knows, or should know, that the other person will not use reasonable care [or will violate the law].

***Authority:*** 1 CACI 411 (Rev. 2020).

**DISPUTED INSTRUCTION NO. 62, re Reliance on Good Conduct of Others, offered by Defendant**

      Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

**<u>DISPUTED INSTRUCTION NO. 63 RE: AFFIRMATIVE DEFENSE – CAUSATION:</u>**

**<u>THIRD-PARTY CONDUCT AS SUPERSEDING CAUSE, OFFERED BY DEFENDANT</u>**

~~[Name of defendant]~~ <u>AFF</u> claims that [<u>he/she/nonbinary pronoun/</u>it] is not responsible for ~~[name of plaintiff]'s~~ <u>Mrs. Andrade's</u> harm because of the later misconduct of ~~[insert name of third party]~~ <u>Elegant Furniture and its owner Murad Al Rawashdeh</u>. To avoid legal responsibility for the harm, ~~[name of defendant]~~ <u>AFF</u> must prove all of the following:

1. That ~~[name of third party]'s~~ <u>Elegant Furniture and its owner Murad Al Rawashdeh</u> conduct occurred after the conduct of ~~[name of defendant]~~ <u>AFF</u>;

2. That a reasonable person would consider ~~[name of third party]'s~~ <u>Elegant Furniture and its owner Murad Al Rawashdeh's</u> conduct a highly unusual or an extraordinary response to the situation;

3. That ~~[name of defendant]~~ <u>AFF</u> did not know and had no reason to expect that ~~[name of third party]~~ <u>Elegant Furniture and its owner Murad Al Rawashdeh</u> would act in a [~~negligent/~~wrongful] manner; and

4. That the kind of harm resulting from ~~[name of third party]'s~~ <u>Elegant Furniture and its owner Murad Al Rawashdeh's</u> conduct was different from the kind of harm that could have been reasonably expected from ~~[name of defendant]'s~~ <u>AFF's</u> conduct.

*Authority:* 1 CACI 432 (Rev. 2011).

**DISPUTED INSTRUCTION NO. 63, re Affirmative Defense – Causation:  Third-Party Conduct as Superseding Cause**

Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

**DISPUTED INSTRUCTION NO. 64 RE: AFFIRMATIVE DEFENSE – CAUSATION:**
**THIRD-PARTY CONDUCT AS SUPERSEDING CAUSE, OFFERED BY DEFENDANT**

Any Holder [here, AFF] of a consumer credit contract is subject to all claims and defenses which the Debtor [here, Mrs. Andrade] could assert against the Seller [here, Elegant Furniture and its owners Murad al Rawashdeh and Ahmad Fayez al Rawashdeh]. The Debtor's [here, Mrs. Andrade] recovery shall not exceed amounts paid by the Debtor [here, Mrs. Andrade].

*Authority:* 16 C.F.R. §433.2 (2020) (requires consumer credit contracts to include the following notice: "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.")

## STIPULATED INSTRUCTION NO. 65 RE: DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [*specify type of claim*] claim~~s~~], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

The amount of money Plaintiff paid to Defendant under the contract.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

***Authority:*** Ninth Circuit Model Civil Jury Instructions No. 5.1 (2022); Doc. 162.

# STIPULATED INSTRUCTION NO. 66 RE: DAMAGES – MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 5.3 (2022).

## DISPUTED INSTRUCTION NO. 67 RE: LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE, OFFERED BY DEFENDANT

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

*Authority:* Ninth Circuit Model Civil Jury Instructions No. 4.2 (2022).

**DISPUTED INSTRUCTION NO. 67, Liability of Corporations – Scope of Authority not in Issue, offered by Defendant**

Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.

# DISPUTED INSTRUCTION NO. 68 RE: DAMAGES – "OUT OF POCKET" RULE, OFFERED BY PLAINTIFF AND DEFENDANT

**Plaintiff Proposed Instruction:**

If you decide that plaintiff has proved her claims against AFF, you also must decide how much money will reasonably compensate plaintiff for the harm caused by AFF. This compensation is called "damages."

The amount of damages must include an award for all harm that AFF was a substantial factor in causing, even if the particular harm could not have been anticipated.

Plaintiff must prove the amount of her damages. However, plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

Plaintiff may also recover amounts that they reasonably spent in reliance on the conduct, misrepresentations or omissions of AFF if those amounts would not otherwise have been spent. If you find that AFF's misrepresentation(s) or omission(s) was material, you may infer such reliance.

*Authority*: CACI 1923, *In re Tobacco II Cases* (2009) 46 Cal. 4th 298, 326-27.

**Defendant Proposed Instruction:**

If you decide that [~~name of plaintiff~~] Mrs. Andrade has proved [~~his~~/her/~~nonbinary pronoun~~/~~its~~] claim against [~~name of defendant~~] AFF, you also must decide how much money will reasonably compensate [~~name of plaintiff~~] Mrs. Andrade for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that [~~name of defendant~~] AFF was a substantial factor in causing, even if the particular harm could not have been anticipated.

---

ANDRADE V. AMERICAN FIRST FINANCE INC., ET AL. (CASE NO. 3:18-CV-06743-SK)
[PROPOSED] JOINT JURY INSTRUCTIONS

[*Name of plaintiff*] Mrs. Andrade must prove the amount of [his/her/*nonbinary pronoun*/its] damages. However, [*name of plaintiff*] Mrs. Andrade does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the [fair market] value of what [*name of plaintiff*] Mrs. Andrade gave and subtract from that amount the [fair market] value of what [he/she/*nonbinary pronoun*/it] received.

["Fair market value" is the highest price that a willing buyer would have paid on the date of the transaction to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller know all the uses and purposes for which the [*insert item*] furniture is reasonably capable of being used.]

[*Name of plaintiff*] Mrs. Andrade may also recover amounts that [he/she/*nonbinary pronoun*/it] reasonably spent in reliance on [*name of defendant*] AFF's [false representation/failure to disclose/false promise] if those amounts would not otherwise have been spent.

*Authority:* 1 CACI 1923 (Rev. 2009).

# DISPUTED INSTRUCTION NO. 69 RE: PUNITIVE DAMAGES, OFFERED BY PLAINTIFF

If you decide that AFF's conduct caused Ms. Andrade harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against AFF only if plaintiff proves that AFF engaged in that conduct with malice, oppression, or fraud. To do this, plaintiff must prove one of the following by clear and convincing evidence:

> 1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of AFF who acted on behalf of AFF; or
>
> 2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of AFF; or
>
> 3. That one or more officers, directors, or managing agents of AFF knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that AFF acted with intent to cause injury or that AFF's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that AFF's conduct was despicable and subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that AFF intentionally misrepresented or concealed a material fact and did so intending to harm plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was AFF's conduct? In deciding
how reprehensible AFF's conduct was, you may
consider, among other factors:

   1. Whether plaintiff was financially weak or vulnerable
   and AFF knew plaintiff was financially
   weak or vulnerable and took advantage of her;

   2. Whether AFF's conduct involved a pattern or
   practice; and

   3. Whether AFF acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive
damages and plaintiff's harm?

(c) These facts must be proved by clear and convincing evidence, which is a higher burden
of proof. This means the party must persuade you that it is highly probable that the fact is
true.

(d) In view of AFF's financial condition, what amount
is necessary to punish it and discourage future wrongful conduct? You may not increase
the punitive award above an amount that is otherwise appropriate merely because AFF has
substantial financial resources.

1    Punitive damages may not be used to punish AFF for the impact of its alleged misconduct

2    on persons other than plaintiff.

3

4    *Authority*: CACI 3945 (Modified)

## DISPUTED INSTRUCTION NO. 70 RE: PUNITIVE DAMAGES, OFFERED BY DEFENDANT

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by ~~[a preponderance of the evidence]~~ [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

1        [In addition, you may consider the relationship of any award of punitive damages to any

2  actual harm inflicted on the plaintiff.]

3       ~~[Punitive damages may not be awarded against [*specify defendant*.] [You may impose~~

4  ~~punitive damages against one or more of the defendants and not others and may award different~~

5  ~~amounts against different defendants.] [Punitive damages may be awarded even if you award~~

6  ~~plaintiff only nominal, and not compensatory, damages.]~~

7

8  *Authority:* Ninth Circuit Model Civil Jury Instructions No. 5.5 (2022); Cal. Civ. Code § 3294(a).

## DISPUTED INSTRUCTION NO. 71 RE: PUNITIVE DAMAGES AGAINST EMPLOYER OR PRINCIPAL FOR CONDUCT OF A SPECIFIC AGENT OR EMPLOYEE – BIFURCATED TRIAL (FIRST PHASE), OFFERED BY DEFENDANT

If you decide that [*name of employee/agent*]'s conduct caused [~~*name of plaintiff*~~] Mrs. Andrade harm, you must decide whether that conduct justifies an award of punitive damages against [~~*name of defendant*~~] AFF for [*name of employee/agent*]'s conduct. At this time, you must decide whether [~~*name of plaintiff*~~] Mrs. Andrade has proved by clear and convincing evidence that [*name of employee/agent*] engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

"Malice" means that [*name of employee/agent*] acted with intent to cause injury or that [*name of employee/agent*]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [*name of employee/agent*]'s conduct was despicable and subjected [~~*name of plaintiff*~~] Mrs. Andrade to cruel and unjust hardship in knowing disregard of [his/her/~~*nonbinary pronoun*~~] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [*name of employee/agent*] intentionally misrepresented or concealed a material fact and did so intending to harm [~~*name of plaintiff*~~] Mrs. Andrade.

[~~*Name of plaintiff*~~] Mrs. Andrade must also prove [one of] the following by clear and convincing evidence:

1. [That [*name of employee/agent*] was an officer, a director, or a managing agent of [~~*name of defendant*~~] AFF who was acting on behalf of [~~*name of defendant*~~] AFF; [or]]

2. [That an officer, a director, or a managing agent of [~~*name of defendant*~~] AFF had advance knowledge of the unfitness of [*name of employee/agent*] and employed [him/her/*nonbinary pronoun*] with a knowing disregard of the rights or safety of others; [or]]

3. [That an officer, a director, or a managing agent of [~~*name of defendant*~~] AFF authorized [*name of employee/agent*]'s conduct; [or]]

4. [That an officer, a director, or a managing agent of [~~*name of defendant*~~] AFF knew of [*name of employee/agent*]'s wrongful conduct and adopted or approved the conduct after it occurred.]

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

***Authority:*** 2 CACI 3944 (Rev. 2020).

# DISPUTED INSTRUCTION NO. 72 RE: PUNITIVE DAMAGES – INDIVIDUAL AND CORPORATE DEFENDANTS (CORPORATE LIABILITY BASED ON ACTS OF NAMED INDIVIDUAL) BIFURCATED TRIAL (SECOND PHASE), OFFERED BY DEFENDANT

You must now decide the amount, if any, that you should award [~~name of plaintiff~~] Mrs. Andrade in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

(a)     How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

    1.  Whether the conduct caused physical harm;

    2.  Whether the defendant disregarded the health or safety of others;

    3.  Whether [~~name of plaintiff~~] Mrs. Andrade was financially weak or vulnerable and the defendant knew [~~name of plaintiff~~] Mrs. Andrade was financially weak or vulnerable and took advantage of [~~him/~~her/~~nonbinary pronoun/it~~];

    4.  Whether the defendant's conduct involved a pattern or practice; and

    5.  Whether the defendant acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and [~~name of plaintiff~~]'s Mrs. Andrade's harm [or between the amount of punitive damages and potential harm to [~~name of plaintiff~~] Mrs. Andrade that the defendant knew was likely to occur because of [~~his/~~her/~~nonbinary pronoun/~~its] conduct]?

(c)    In view of that defendant's financial condition, what amount is necessary to punish [~~him/her~~/*~~nonbinary pronoun~~*/it] and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. [Any award you impose may not exceed that defendant's ability to pay.]

[Punitive damages may not be used to punish a defendant for the impact of [~~his/her~~/*~~nonbinary pronoun~~*/its] alleged misconduct on persons other than [*~~name of plaintiff~~*] <u>Mrs. Andrade</u>.]

***Authority:*** 2 CACI 3949 (Rev. 2008)

## DISPUTED INSTRUCTION NO. 73 RE: DAMAGES ON MULTIPLE LEGAL THEORIES, OFFERED BY DEFENDANT

[*Name of plaintiff*] Mrs. Andrade seeks damages from [*name of defendant*] AFF under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether [*name of defendant*] AFF is liable to [*name of plaintiff*] Mrs. Andrade under the following legal theories [*list*]:

    (1)    [*e.g., breach of employment contract*] Violations of the California Unruh Act;

    (2)    [*e.g., wrongful termination in violation of public policy*] Violations of California's Consumer Legal Remedies Act; and

    (3)    [*continue*] Money Had and Received.

The following items of damages are recoverable only once under all of the above legal theories:

    (1)    [*e.g., lost past income*] Restitution of monies related to the transaction;

    (2)    [*e.g., medical expenses*];

    (3)    [*continue*].

[The following additional items of damages are recoverable only once for [*specify legal theories*]:

    (1)    [*e.g., emotional distress*];

    (2)    [*continue*].

[Continue until all items of damages recoverable under any legal theory have been listed.]]

*Authority:* 2 CACI 3934 (2010).

**DISPUTED INSTRUCTION NO. 73, re Damages on Multiple Legal Theories, offered by Defendant**

Plaintiff contends that no such instruction in any version shall be given, as stated, and explained, in its separate memorandum.