ROBERT S. GREEN (SBN 136183)
JAMES ROBERT NOBLIN (SBN 114442)
EMRAH M. SUMER (SBN 329181)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

ALICIA HINTON (SBN 292849)
**LAW OFFICE OF A.L. HINTON**
7081 N. Marks Ave. #104
PMB 414
Fresno, CA 93711
Telephone: (559) 691-6900
Facsimile: (559) 421-0373
Email: alicia@alhintonlaw.com

JAMES C. STURDEVANT (SBN 94551)
**THE STURDEVANT LAW FIRM, APC**
P. O. Box 151560
San Rafael, CA 94915
Telephone: (415) 477-2410
Email: jsturdevant@sturdevantlaw.com

Attorneys for Plaintiff,
MARIA ANDRADE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FIRST FINANCE, INC., et al.<br><br>Defendants. | Case No.: 3:18-cv-06743-SK<br><br>**PLAINTIFF'S SUBMISSION OF ADDITIONAL PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date: April 11, 2023<br>Dept.: C, 15th Floor<br>Judge: Hon. Sallie Kim |

1  Plaintiff offers the attached additional jury instructions.[1] These instructions have been submitted to defense counsel for consideration, and Defendant stated that these instructions are disputed. The attached instructions are as follows:

DISPUTED INSTRUCTION NO. 74 RE: CLRA ESSENTIAL FACTUAL ELEMENTS

The parties initially agreed upon a version of this instruction from CACI 4700, but it was inadvertently omitted from the Joint Submission of Proposed Jury Instructions. Plaintiff offers here a slight variation on the previously agreed form, which attempts to remove superfluous terms and present an understandable form.

DISPUTED INSTRUCTION NO. 75 RE: CONSUMERS LEGAL REMEDIES ACT – MISREPRESENTATIONS MADE TO PERSONS OTHER THAN THE PLAINTIFF, OFFERED BY PLAINTIFF

This instruction is from CACI 1906 and reflects the facts of this case in which AFF made representations directly to Elegant Furniture which it expected to be passed on to Plaintiff.

DISPUTED INSTRUCTION NO. 44 RE: TRANSITION: INTRODUCTION TO PLAINTIFF'S CLAIM FOR VIOLATION OF THE UNRUH ACT, OFFERED BY PLAINTIFF

At the Pretrial Conference, the Court noted that there was no proffered instruction stating the claims and defenses of the Unruh Act claim. Attached is Plaintiff's proposed instruction to fill that void, which is inserted into and replaces the prior Disputed Instruction No. 44, which was just a transition into the Unruh Act instructions.

**Prejudgment Interest**

The parties discussed the possibility of including an instruction on prejudgment interest and, instead, agreed that in the event that an award of damages is made the Court can apply prejudgment interest as may be appropriate without a jury finding. In reliance on that agreement, Plaintiff has not submitted the form instruction on prejudgment interest.

---

[1] Plaintiff is emailing a Word version of these proposed instructions to the courtroom clerk, at the time of this filing.

PLAINTIFF'S SUBMISSION OF ADDITIONAL PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-cv-06743-SK

00124752.000

| | | |
|---|---|---|
| 1 | DATED: March 17, 2023 | **GREEN & NOBLIN, P.C.** |
| 2 | | |
| 3 | | By: /s/ Robert S. Green |
| 4 | | Robert S. Green |
| 5 | | Robert S. Green |
| 6 | | James Robert Noblin<br>Emrah M. Sumer |
| 7 | | 2200 Larkspur Landing Circle, Suite 101<br>Larkspur, CA 94939 |
| 8 | | Telephone: (415) 477-6700<br>Facsimile: (415) 477-6710 |
| 9 | | Email: gnecf@classcounsel.com |
| 10 | | Alicia Hinton (State Bar No. 292849) |
| 11 | | **LAW OFFICE OF A.L. HINTON**<br>7081 N. Marks Ave. #104 |
| 12 | | PMB 414<br>Fresno, CA 93711 |
| 13 | | Telephone: (559) 691-6900 |
| 14 | | Facsimile: (559) 421-0373<br>Email: alicia@alhintonlaw.com |
| 15 | | |
| 16 | | James C. Sturdevant (SBN 94551)<br>**THE STURDEVANT LAW FIRM, APC** |
| 17 | | P. O. Box 151560<br>San Rafael, CA 94915 |
| 18 | | Telephone: (415) 477-2410<br>Email: jsturdevant@sturdevantlaw.com |
| 19 | | |
| 20 | | Attorneys for Plaintiff<br>MARIA ANDRADE |

# DISPUTED INSTRUCTION NO. 74 RE: CLRA ESSENTIAL FACTUAL ELEMENTS

~~[Name of plaintiff]~~ Plaintiff claims that ~~[name of defendant]~~ AFF engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that ~~[name of plaintiff]~~ Plaintiff was harmed by ~~[name of defendant]~~ AFF'S violation. To establish this claim, ~~[name of plaintiff]~~ Plaintiff must prove all of the following:

1. That ~~[name of plaintiff]~~ Plaintiff acquired, or sought to acquire, by purchase ~~or lease,~~ ~~[specify product or service]~~ furniture for personal, family, or household purposes;

2. That ~~[name of defendant]~~ AFF or its agent ~~[specify one or more prohibited practices from Civ. Code, § 1770(a), e.g., represented that [product or service] had characteristics, uses, or benefits that it did not have]~~ violated any of the following sections of Civil Code Section 1770(a):

   (2), "misrepresenting the source, sponsorship, approval, or certification of goods or services;"

   (3) "misrepresenting the affiliation, connection, or association with, or certification by, another;"

   (5) "representing that goods or services have sponsorship, approval, characteristics, ~~ingredients, uses,~~ or benefits ~~or quantities~~ that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;"

   (14) "representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law;" or

   (19) "inserting an unconscionable provision in the contract."

3. That ~~[name of plaintiff]~~ Plaintiff was harmed; and

4. That ~~[name of plaintiff]~~'s Plaintiff's harm resulted from the conduct of ~~[name of defendant]~~'s AFF or its agent.

[~~[Name of plaintiff]~~'s Plaintiff's harm resulted from ~~[name of defendant]~~'s the conduct of AFF or its agent if ~~[name of plaintiff]~~ Plaintiff relied on ~~[name of defendant]~~'s a representation by

AFF or its agent. To prove reliance, [name of plaintiff] Plaintiff need only prove that the representation was a substantial factor in [his/her/nonbinary pronoun] decision. [He/She/Nonbinary pronoun] does not need to prove that it was the primary factor or the only factor in the decision.

If [name of defendant]'s the representation of fact by AFF or its agent was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy or finance or lease the furniture[goods/services].

**Authority:** CACI No. 4700 (2022); Civil Code §1770; Doc. 162.

# DISPUTED INSTRUCTION NO. 75 RE: CONSUMERS LEGAL REMEDIES ACT – MISREPRESENTATIONS MADE TO PERSONS OTHER THAN THE PLAINTIFF, OFFERED BY PLAINTIFF

[Name of defendant] AFF is responsible for a representation that was not made directly to [name of plaintiff] Plaintiff if [he/she/nonbinary pronoun/it] made the representation to [to a group of persons including [name of plaintiff]] [or] [another person, intending or reasonably expecting that it would be repeated to Plaintiff [name of plaintiff]]..

AFF is responsible if a concealment of fact was not made directly to plaintiff if it was concealed from another person intending or reasonably expecting that the concealment would be acted upon by Plaintiff.

*Authority:* CACI No. 1906 (2003); CACI No. 1906 Sources and Authorities, citing to *Shapiro v. Sutherland* (1998 64 Cal.App.4th 1534, 1548, and *Geernaert v. Mitchell* (1995) 31 Cal.App.4th 601, 605-606.

# DISPUTED INSTRUCTION NO. 44 RE: TRANSITION: INTRODUCTION TO PLAINTIFF'S CLAIM FOR VIOLATION OF THE UNRUH ACT, OFFERED BY PLAINTIFF

I will now provide you with instructions pertaining to Plaintiff's claim against Defendant American First Finance, LLC ("AFF") for violation of the California Unruh Act.

If you find that the defendant has proven it is *exempt* from the California Financing Law, then you should decide whether defendant violated the Unruh Act.

Plaintiff claims that Elegant Furniture violated the UNRUH Act by failing to provide her with a copy of the Security Agreement at the time of her furniture purchase transaction and thus failed to provide the total cost and terms payment to her in violation of the UNRUH Act. Plaintiff asserts that Elegant Furniture sold and assigned the Security Agreement to AFF who at that point became a "holder" and equally liable to Plaintiff for the acts of Elegant Furniture.

AFF asserts that Plaintiff received a copy of Elegant Furniture's invoice and Security Agreement at the time of her purchase of the furniture, and that both the invoice and Security Agreement together provided Plaintiff with all of the terms and conditions of sale in a single document.

**Authority:** Civil Code §§ 1803.2, 1803.7, 1804.2; Second Amended Complaint (ECF 162); AFF's Answer to the Second Amended Complaint (ECF 164); Court's Order on AFF's Motion for Summary Judgment (ECF 333 *9-10).