UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN FIRST FINANCE, INC., et al.,<br><br>　　　　　　Defendants. | Case No.  18-cv-06743-SK<br><br>**FINAL JURY INSTRUCTIONS** |

Dated: April 18, 2023

_____

SALLIE KIM
United States Magistrate Judge

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the part must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claims or defenses are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

6

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

<div align="left" style="writing-mode: vertical-rl">United States District Court<br>Northern District of California</div>

**STIPULATIONS OF FACT**

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved.  The parties have agreed to the following facts:

1.  Plaintiff, formerly known as Maria Rivera, went to Elegant Furniture in Fresno, California on or about December 9, 2015 to purchase furniture.

2.  Plaintiff purchased $1,201.62 worth of furniture from Elegant Furniture, which was financed.

3.  Pursuant to Plaintiff's Security Agreement, the annual percentage rate for financing the purchase of the furniture was 120%, which resulted in a scheduled finance charge of $1,365.43 and monthly payments scheduled to total $2,567.05.

4.  Trial Exhibits marked as Exhibits 15, 16, and 37 are the credit application, Invoice, and Security Agreement related to Plaintiff's transaction at Elegant Furniture.

5.  Exhibit No. 53 is the Merchant Agreement between Elegant Furniture and Defendant that was in effect at the time of Plaintiff's transaction.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JUDICIAL NOTICE

The Court has decided to accept as proved the following facts:

(1)     Trial Exhibit 146 is a printout from the United States Post Office website describing "return receipt";

(2)     the fact that FirstCash Holdings, Inc. filed the Form 10K (Trial Exhibit 30) with the United States Securities and Exchange Commission;

(3)     the fact that Plaintiff filed the Complaint in this action (Trial Exhibit 143);

(4)     the fact that Plaintiff filed the First Amended Complaint in this action (Trial Exhibit 144); and

(5)     Plaintiff filed the Second Amended Complaint in this action (Trial Exhibit 145);

You must accept these facts as true – Trial Exhibit 146 is a printout from the United States Post Office describing "return receipt", that FirstCash Holdings, Inc. filed the Form 10K (Trial Exhibit 30) with the United States Securities and Exchange Commission, and that Plaintiff filed the Complaint, First Amended Complaint, and Second Amended Complaint (Trial Exhibits 143, 144, and 145) in this action – as true.  However, the Court has not taken judicial notice that the content of Trial Exhibits 30, 143, 144, and 145 is true.  To the extent that Plaintiff relies on the facts stated within these documents as true, Plaintiff must demonstrate that the facts are true.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person who read the questions or answers.

**USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

United States District Court
Northern District of California

1

**OPINION TESTIMONY**

You heard testimony from Mark Gustafson who testified to opinions and the reasons for his opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1

2

## LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

3

4

     Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**AGENT AND PRINCIPAL – DEFINITION**

2

An agent is a person who performs services for another person under an express or implied

3

agreement and who is subject to the other's control or right to control the manner and means of

4

performing the services.  The other person is called a principal.  One may be an agent without

5

receiving compensation for services.  The agency agreement may be oral or written.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**AGENT – SCOPE OF AUTHORITY DEFINED**

2       An agent is acting within the scope of authority if the agent is engaged in the performance

3   of duties which were expressly or impliedly assigned to the agent by the principal.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

United States District Court
Northern District of California

## RATIFICATION

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.

1

**ACT OF AGENT IS ACT OF PRINCIPAL**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

**PRINCIPAL SUED BUT NOT AGENT – AGENCY OR AUTHORITY DENIED**

Defendant is sued as a principal.  Plaintiff claims that Murad Al Rawashdeh as the owner of Elegant Furniture, who is also the person doing business as Elegant Furniture (referred to after this as "Elegant Furniture") was acting as Defendant's agent.  Plaintiff also claims that Mike Trujillo, as a salesperson for Elegant Furniture, was acting as an agent for Elegant Furniture.  Defendant denies that Elegant Furniture was Defendant's agent or acting within the scope of any authority from Defendant.  Defendant also denies that Mike Trujillo was the agent of Elegant Furniture or acting within the scope of his authority from Elegant Furniture.

If you find that Elegant Furniture was the agent of Defendant and was acting within the scope of authority given to it by Defendant, then any act or omission by Elegant Furniture when acting within the scope of authority was the act or omission of Defendant.  If you find that Mike Trujillo was the agent of Elegant Furniture and was acting within the scope of authority given to him by Elegant Furniture, then any act or omission by Mike Trujillo when acting within the scope of authority was the act or omission of Elegant Furniture.  Thus, if you find that Elegant Furniture was the agent of Defendant and was acting within the scope of authority given by Defendant *and* that Mike Trujillo was the agent of Elegant Furniture and was acting within the scope of authority given to him by Elegant Furniture (as an agent for Defendant), then any act or omission by Mike Trujillo when acting within the scope of authority was the act or omission of Defendant.

On the other hand, if you find that Elegant Furniture was not acting as an agent for Defendant or was not acting within the scope of authority, then you must find for Defendant to the extent Plaintiff relies on the conduct of Elegant Furniture to support her claims  Additionally, if you find that that Mike Trujillo was not acting as agent for Elegant Furniture or was not acting within the scope of authority, or that Mike Trujillo was not acting as an agent for Elegant Furniture within the scope of authority (as an agent for Defendant), then you must find for Defendant to the extent Plaintiff relies on the conduct of Mike Trujillo to support her claims.

**INTRODUCTION TO PLAINTIFF'S CLAIM FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**

I will now provide you with instructions pertaining to Plaintiff's claim for violation of the California Consumers Legal Remedies Act.

**CONSUMERS LEGAL REMEDIES ACT – NOTICE REQUIREMENT FOR DAMAGES**

To recover actual damages in this case, Plaintiff must prove that, 30 days or more before filing a claim for damages, she gave notice to Defendant that did all of the following:

1.    Informed Defendant of the particular violations for which the lawsuit was brought;

2.    Demanded that Defendant correct, repair, replace, or otherwise fix the problem with the financing that Defendant provided in connection with Plaintiff's purchase of furniture; and

3.    Provided the notice to Defendant in writing and by certified or registered mail, return receipt requested, to the place where the transaction occurred or principal place of business within California or, if Defendant does not have a principal place of business in California, then to its out of state headquarters.

Plaintiff must have complied exactly with these notice requirements and procedures.

**Consumers Legal Remedies Act – Essential Factual Elements**

Plaintiff claims that Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale of goods or services to a consumer, and that Plaintiff was harmed by Defendant's violation. To establish this claim, Plaintiff must prove all of the following:

1.   That Plaintiff acquired, or sought to acquire, by purchase, furniture for personal, family, or household purposes;

2.   That Defendant:

    (a)   misrepresented the source, sponsorship, approval, or certification of goods or services;

    (b)   misrepresented the affiliation, connection, or association with, or certification by, another;

    (c)   represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

    (d)   represented that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law;

    or

    (e)   inserted an unconscionable provision in the contract

3.   That Plaintiff was harmed; and

4.   That Plaintiff's harm resulted from Defendant's conduct.

Plaintiff's harm resulted from Defendant's conduct if Plaintiff relied on Defendant's representation or omission.  To prove reliance, Plaintiff need only prove that the representation was a substantial factor in her decision or that she would have behaved differently had she known the true facts.  She does not need to prove that it was the primary factor or the only factor in the decision.

If Defendant's representation or omission of fact was material, reliance may be inferred.  A

fact is material if a reasonable consumer would consider it important in deciding whether to buy the furniture.

A contract term is unconscionable if is so one-sided as to shock the conscience or imposes harsh or oppressive terms.  The Security Agreement contains an annual percentage rate of 120%. The Court has determined that this interest rate is unconscionable.  You must still determine whether it was Defendant who inserted this unconscionable provision into the contract and whether Defendant violated the Consumers Legal Remedies Act in any other manner described above.  Additionally, you must determine whether Plaintiff was harmed by the insertion of this unconscionable provision (if it was inserted by Defendant) and any other violation, if any occurred.

## CONSUMERS LEGAL REMEDIES ACT

One of the ways Plaintiff contends that Defendant violated the Consumers Legal Remedies Act is by failing to disclose that the Security Agreement violated the law.  In deciding whether Plaintiff's transaction with Defendant involved rights, remedies, or obligations which are prohibited by law, you may consider whether Defendant violated the California Financing Law.

It is a violation of the California Financing Law to engage in the business of a finance lender without obtaining a license from the Commissioner of Financial Protection and Innovation ("Commissioner").  It is also a violation of the California Financing Law to charge over 30% in interest for any part of a consumer loan under $2500.  A finance lender includes any person who is engaged in the business of making consumer loans.  A consumer loan means a loan the proceeds of which are intended by the borrower for use primarily for personal, family, or household purposes.  Plaintiff bears the burden of demonstrating that Defendant engaged in the business of a finance lender without obtaining a license from the Commissioner.

If you find that Plaintiff demonstrates that Defendant engaged in the business of a finance lender without obtaining a license from the Commissioner or that Defendant charged over 30% in interest for any part of a consumer loan under $2500, then Defendant claims that its financing agreement falls within an exemption to the California Financing Law which provides that this section does not apply to bona fide conditional contracts of sale involving the disposition of personal property when these forms of sales agreements are not used for the purpose of evading this section.  Defendant has the burden of proving by a preponderance of evidence that it did not structure Plaintiff's Security Agreement for the purpose of evading the California Financing Law.  Put another way, the question you need to answer is whether Defendant's Security Agreement, assessed in light of all the circumstances, had as its true object the lending of money at an excessive rate of interest.

A sale is the transfer of the property in a thing for a price in money.  The transfer of the property in the thing sold for a price is the essence of the transaction.  A consumer loan, on the other hand, is the delivery of a sum of money to another under a contract to return at some future time an equivalent amount with or without an additional sum agreed upon for its use.

United States District Court
Northern District of California

If you find that Plaintiff demonstrated that Defendant engaged in the business of a finance lender without obtaining a license from the Commissioner or that Defendant charged over 30% in interest for any part of a consumer loan under $2500, and that Defendant did not demonstrate that its financing agreement falls within an exemption to the California Financing Law, then you shall find that Defendant violated the California Financing Law.

United States District Court
Northern District of California

### INTRODUCTION TO PLAINTIFF'S UNRUH ACT CLAIM

I will now provide you with instructions pertaining to Plaintiff's claim against Defendant for violation of the California Unruh Act.

If you find that the Security Agreement was not a consumer loan, then you should decide whether the Security Agreement was a retail installment contract in compliance with or in violation of the Unruh Act.

If you find that the Security Agreement was a consumer loan, then this next section (pages 30-32) does not apply.

1

**PLAINTIFF'S UNRUH ACT CLAIM – DEFINITIONS**

A "retail buyer" or "buyer" means a person who buys goods from a retail seller in a retail installment sale and not for the purposes of reselling those items as a retail seller.

"Goods" means items bought for use primarily for personal, family or household purposes.

"Retail seller" or "seller" is a person engaged in the business of selling goods to retail buyers.

A "retail installment sale" means the sale of goods by a retail seller to a retail buyer for a deferred payment price payable in installments.

A "retail installment contract" means any contract for a retail installment sale which provides for payments in more than four installments.

"Holder" means the retail seller who acquires a retail installment contract executed or entered into by a retail buyer, or if the contract or installment account is purchased by a financing agency or other assignee, the financing agency or other assignee.

1

**PLAINTIFF'S UNRUH ACT CLAIM – RETAIL INSTALLMENT CONTRACT**

2

The Unruh Act provides that every retail installment contract shall be contained in a single

3    document that contains the entire agreement of the parties with respect to the cost and terms of

4    payment for the goods and services.  A retail installment contract shall contain the names of the

5    seller and the buyer, the place of business of the seller, the residence or place of business of the

6    buyer as specified by the buyer and a description of the goods or services sufficient to identify

7    them.  Defendant claims that the Security Agreement was a retail installment contract.

8

However, multiple items of goods may be described in general terms and may be described

9    in detail sufficient to identify them in written document separate from the Security Agreement.  It

10    is undisputed that Plaintiff purchased multiple items of goods.  Therefore, the "retail installment

11    contract" is made up of the Security Agreement and any separate written document or documents

12    used to describe the goods in sufficient detail to identify them.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNRUH ACT CLAIM – DELIVERY
## OF RETAIL INSTALLMENT CONTRACT

The seller is required to deliver a legible copy of the retail installment contract to the buyer at the time of the buyer's signature on the retail installment contract.

If the holder provides the buyer a copy of the retail installment contract, then it is conclusively presumed in the holder's favor that a copy was provided to the buyer.

Here, Plaintiff argues she was not provided a copy of the retail installment contract under the Unruh Act and that Defendant is liable both for the acts of the seller (arguing that the seller was acting as Defendant's agent) and as the holder.  Defendant disputes that the seller was acting as its agent.  Defendant claims that Plaintiff was provided a copy of the retail installment contract as required.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on either of her claims, you must determine her damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant.  You should consider the following:

The amount of money Plaintiff paid to Defendant under the contract.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**DAMAGES – MITIGATION**

Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

1.      that Plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

1

**PUNITIVE DAMAGES**

2      If you decide that Defendant's conduct caused Plaintiff's harm, you must decide whether

3   that conduct justifies an award of punitive damages against Defendant.  The purposes of punitive

4   damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage

5   similar conduct in the future.

6      You may award punitive damages against Defendant only if Plaintiff proves that

7   Defendant engaged in that conduct with malice, oppression, or fraud.  To do this, Plaintiff must

8   prove one of the following by clear and convincing evidence:

9      1.  That the conduct constituting malice, oppression, or fraud was committed by one or

10  more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant; or

11     2.  That the conduct constituting malice, oppression, or fraud was authorized by one or

12  more officers, directors, or managing agents of Defendant; or

13     3.  That one or more officers, directors, or managing agents of Defendant knew of the

14  conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it

15  occurred.

16     "Malice" means that Defendant's employees and/or agents acted with intent to cause injury

17  or that Defendant's employees' and/or agents' conduct was despicable and was done with a willful

18  and knowing disregard of the rights or safety of another.  A person acts with knowing disregard

19  when the person is aware of the probable dangerous consequences of the person's conduct and

20  deliberately fails to avoid those consequences.

21     "Oppression" means that Defendant's employees' and/or agents' conduct was despicable

22  and subjected Plaintiff to cruel and unjust hardship in knowing disregard of her rights.

23     "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be

24  looked down on and despised by reasonable people.

25     "Fraud" means that Defendant's employees and/or agents intentionally misrepresented or

26  concealed a material fact and did so intending to harm Plaintiff.

27     An employee is a "managing agent" if the employee exercises substantial independent

28  authority and judgment in corporate decision-making such that the employee's decisions

35

1  ultimately determine corporate policy.

2      There is no fixed formula for determining the amount of punitive damages, and you are not

3  required to award any punitive damages.  If you decide to award punitive damages, you should

4  consider all of the following factors in determining the amount:

5      (a) How reprehensible was Defendant's conduct?  In deciding how reprehensible

6  Defendant's conduct was, you may consider, among other factors:

7          1. Whether the conduct caused physical harm;

8          2. Whether Defendant disregarded the health or safety of others;

9          3. Whether Plaintiff was financially weak or vulnerable and Defendant knew Plaintiff

10  was financially weak or vulnerable and took advantage of her;

11          4. Whether Defendant's conduct involved a pattern or practice; and

12          5. Whether Defendant acted with trickery or deceit.

13      (b) Is there a reasonable relationship between the amount of punitive damages and

14  Plaintiff's harm?

15      (c) In view of Defendant's financial condition, what amount is necessary to punish it and

16  discourage future wrongful conduct?  You may not increase the punitive award above an amount

17  that is otherwise appropriate merely because Defendant has substantial financial resources.  Any

18  award you impose may not exceed Defendant's ability to pay.

19      Punitive damages may not be used to punish Defendant for the impact of its alleged

20  misconduct on persons other than Plaintiff.

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

36

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### RETURN OF VERDICT

     A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy Clerk that you are ready to return to the courtroom.