UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANDRADE,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN FIRST FINANCE, INC., et al.,<br><br>   Defendants. | Case No. 18-cv-06743-SK<br><br>**ORDER ON PLAINTIFF'S BILL OF COSTS**<br><br>Regarding Docket No. |

Now before the Court is Plaintiff's bill of costs and Defendant's objections to them. Upon consideration of Plaintiff's bill of costs, Defendant's objections, Plaintiff's response, and the record in this case, the Court finds that Plaintiff is the prevailing party and awards Plaintiff her costs as reduced, based on Defendant's objection as explained below.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorneys' fees – shall be allowed to the prevailing party." This rule creates a presumption that the prevailing party will be awarded its taxable costs. *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). Unless authorized by contract or some other statute, recoverable costs are limited to the costs defined in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Thus, section 1920 provides which fees may be taxed as costs, and Rule 54(d) provides that the costs "shall be taxed against the losing party unless the court otherwise directs." *Id*. at 441.

"Courts consistently confirm that a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725, 741 (9th Cir. 2009) (quotation marks and citation omitted). "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*,

102 F.3d 1494, 1523 (9th Cir. 1996)).  It is not necessary for a party to prevail on all of its claims to be found the prevailing party. *San Diego Police Officers' Ass'n,* 568 F.3d at 741; *see also K-2 Ski Co. v. Head Ski Co.,* 506 F.2d 471, 477 (9th Cir.1974) (plaintiff was prevailing party even though it prevailed on only two of its twelve alleged trade secrets).

Here, the Court finds that Plaintiff was the prevailing party.  Although she was not successful on all of her claims, she obtained essentially all of the relief she sought.  The Court determined that Defendant's practices were unconscionable, ordered that the entire amount Defendant collected from Plaintiff be returned to her, enjoined Defendant from any further attempts to collect from Plaintiff, and ordered Defendant to provide a corrective notice to credit reporting agencies.  (Dkt. No. 468.)  With the exception of punitive damages, there was no other relief Plaintiff could have obtained from her claims that were submitted to and rejected by the jury.  Moreover, while the Court denied Plaintiff's motion for class certification, that denial did not negatively impact *Plaintiff's* recovery on her claims.

However, Defendant challenged Plaintiff's ability to collect certain of her costs Northern District Civil Local Rule 54-3, 28 U.S.C. § 1821, and 28 U.S.C. § 1920.  (Dkt. No. 477.)  Plaintiff does not contest those challenges to her particular costs.  (Dkt. No. 499 at 2.)  Therefore, while the Court finds that Plaintiff is entitled to recover her costs as the prevailing party, her costs are reduced from $81,200.79 to $53,222.89.

**IT IS SO ORDERED**.

Dated: November 6, 2023



SALLIE KIM
United States Magistrate Judge